**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AARON K. SHUGARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1302-SLP |
| | ) | |
| CITY OF LAWTON, OKLAHOMA, | ) | |
| LT. STEVEN SCHULTE, in his | ) | |
| individual capacity, and | ) | |
| AMERICAN NATIONAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT CITY OF LAWTON'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

---

W.R. Moon Jr., OBA No. 32079
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:      wrm@czwlaw.com
             jcw@czwlaw.com

***ATTORNEYS FOR DEFENDANT
CITY OF LAWTON***

July 22, 2026

## TABLE OF CONTENTS

TABLE OF CONTENTS ..........................................................................................................i

TABLE OF AUTHORITY ..............................................................................................ii-iv

LIST OF EXHIBITS ......................................................................................................... v

BRIEF AND SUPPORT ................................................................................................... 1

STANDARD OF REVIEW .............................................................................................. 2

I.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE
     42 U.S.C. § 1983 CLAIM AGAINST THE DEFENDANT CITY ............................. 3

     A.  COUNT II – *MONELL* CLAIM.............................................................................. 3

     B.  COUNT IV – ACCESS TO COURTS CLAIM ...................................................... 13

II.  THE DEFENDANT CITY REQUESTS ATTORNEY FEES ................................... 15

## TABLE OF AUTHORITY

**CASES**

**PAGE**

*Anspach v. Philadelphia Department of Public Health,*
  503 F.3d 256 (3d Cir. 2007) .................................................................................. 2

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ............................................................... 2, 3, 12

*Beedle v. Wilson,* 422 F.3d 1059 (10th Cir. 2005) ............................................... 1

*Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007) ...................................... 1, 2, 3

*Board of County Commissioners of Bryan County, Oklahoma v. Brown,*
  520 U.S. 397 (1997) .............................................................................................. 9

*Brammer-Hoelter v. Twin Peaks Charter Acad.,* 602 F.3d 1175 (10th Cir. 2010) ........... 10

*Bryson v. City* of Oklahoma City, 627 F.3d 784 (10th Cir. 2010) .................................. 11

*Christopher v. Harbury,* 536 U.S. 403 (2002) ................................................... 14

*City of Oklahoma City v. Tuttle,* 471 U.S. 808 (1985) .......................................... 9

*City of St. Louis v. Praprotnik,* 485 U.S. 112 (1988) ......................................... 10

*Coon v. L.W. Miller Diversified, Inc.,* No. CIV-20-01-SPS ................................. 7

*Cordova v. Aragon,* 569 F.3d 1183 (10th Cir. 2009) .......................................... 13

*Dempsey v. City of Baldwin,* 143 F. App'x 976 (10th Cir. 2005) ...................... 12

*DeShaney v. Winnebago,* 489 U.S. 189 (1989) ................................................... 5

*Doe v. Mayor and City Council of Pocomoke City,*
  745 F. Supp. 1137 (D.Md.1990) ........................................................................ 5

*Fenn v. City of Truth or Consequences,* 983 F.3d 1143 (10th Cir. 2020) ........... 4

*Fulson v. City of Columbus,* 801 F. Supp. 1 (S.D. Ohio 1992) ........................... 5

*Hall v. Witteman,* 584 F.3d 859 (10th Cir. 2009) ............................................... 2

*Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993) ................................................4, 9

*Hudson v. Palmer*, 468 U.S. 517 (1984) ...................................................................... 8

*Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207 (10th Cir. 2000)........................ 6

*Jennings v. City of Stillwater*, 383 F.3d 1199 (10th Cir.2004)........................................... 14

*Jones v. Hacker*, No. 13-CV-444-JHP (E.D. Okla. Mar. 20, 2015).................................. 10

*Lankford v. City of Hobart*, 73 F.3d 283 (10th Cir. 1996) ............................................... 10

*League of United Latin American Citizens v. Bredesen*,
  500 F.3d 523 (6th Cir. 2007) ................................................................................2

*Livsey v. Salt Lake County*, 275 F.3d 952 (10th Cir. 2001) ................................................ 4

*Lynch v. Barrett*, 703 F.3d 1153 (10th Cir. 2013)........................................................ 14

*Lynch v. Bd. of Cnty. Commissioners of Muskogee Cnty., Oklahoma*,
  786 F. App'x 774 (10th Cir. 2019)................................................................................. 13

*Monell v. New York City Dept. of Social Services*,
  436 U.S. 658 (1978) ............................................................................................ 8, 9

*Murphy v. Bitsoih*, 320 F. Supp. 2d 1174 (D.N.M. 2004)................................................. 10

*Olim v. Wakinekona*, 461 U.S. 238 (1983).......................................................... 7

*Pembaur v. Cincinnati*, 475 U.S. 469 (1986)........................................................ 9

*Sattler v. Johnson,* 857 F.2d 224 (4th Cir.1988) ................................................. 5

*Shophar v. Bureau of Alcohol*, 16-4034-SAC-KGS (D. Kan. July 22, 2016)..................... 4

*Steffey v. Orman*, 461 F.3d 1218 (10th Cir. 2006) ............................................... 6

*Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006)...................................... 4

*Walker v. Schmoke*, 962 F. Supp. 732 (D. Md.1997)........................................... 5

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277 (10th Cir. 2019) ............................ 11, 13

*Was v. Young*, 796 F. Supp. 1041 (E. D. Mich. 1992) .......................................................... 5

*Yates v. Gannett Co*., 523 P.3d 69 (Okla. Civ. App. 2022) .................................................. 8

## **STATUTES**

42 U.S.C. § 1983 ....................................................................................................................... 3

11 O.S. § 10-101 .................................................................................................................... 12

76 O.S. § 7 ................................................................................................................................. 8

## **RULES**

Fed. R. Civ. P. (b)(6) ......................................................................................................... 1, 8

Fed. R. Civ. P.  12(b)(6) ......................................................................................................... 2

Fed. R. Civ. P. 8 ........................................................................................................................ 3

Fed. R. Civ. P. 8(a)(2) ............................................................................................................. 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AARON K. SHUGARD,               )
                                )
                Plaintiff,      )
                                )        Case No. CIV-26-1302-SLP
v.                              )
                                )
CITY OF LAWTON, OKLAHOMA,       )
LT. STEVEN SCHULTE, in his      )
individual capacity, and        )
AMERICAN NATIONAL               )
INSURANCE COMPANY,              )
                                )
                Defendants.     )

### DEFENDANT CITY OF LAWTON'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant City of Lawton, Oklahoma, submits this Motion to Dismiss requesting dismissal of Plaintiffs' claims against it set forth in Plaintiff's "Civil Complaint" [Doc. 1] pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

### BRIEF IN SUPPORT

### STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to

raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 127 S.Ct. at 1964-65).

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (*citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009)). The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the

2

defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 678.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id.* at 679. *See also* Fed. R. Civ. P. 8(a)(2). Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 678-679. Rather, a plaintiff must allege enough factual matter that, taken as true, suggests the legal conclusion plaintiff asserts. *Id.* at 680 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be dismissed)). While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

I.    **Plaintiff Has Failed to State a Plausible 42 U.S.C. § 1983 Claim Against the Defendant City**

**A. Count II – *Monell* Claim**

In Count II of the Complaint, Plaintiff asserts a 42 U.S.C. § 1983 municipal liability claim against the Defendant City. With a certain narrow exception, not applicable to this case, to state a plausible § 1983 municipal liability claim against the Defendant City, Plaintiff must first show an underlying violation of his constitutional rights by an agent, employee or officer of the Defendant City. The Tenth Circuit Court of Appeals has held

3

that "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1150 (10th Cir. 2020) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). This is so "regardless of whether the municipality's policies might have 'authorized' such harm." *Hinton*, *supra*. (citing *City of Los Angeles v. Heller*, 475 U.S. 796, (1986)); see also *Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006) (a plaintiff suing a county under section 1983 for the actions of one of its officers must demonstrate that a municipal employee committed a constitutional violation); *Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001) (defendants' actions did not violate constitutional rights and could not have caused the county to be held liable based on their actions).

Here, the Complaint is unclear as to the underlying basis for Plaintiff's § 1983 municipal liability claim against the Defendant City. However, to the extent that Plaintiff may be claiming that his constitutional rights were violated by the alleged "recharacterizing [*sic*] felony crimes against Plaintiff as non-criminal matters" and/or the alleged obstruction of "his ability to create a criminal record" (Doc. 1, ¶ 70), he has failed to state an underlying claim for a violation of his constitutional rights because he simply has no constitutionally protected right to file a police report or to have the police conduct a criminal investigation. *See Shophar v. Bureau of Alcohol*, 16-4034-SAC-KGS, 2016 WL 3951748, at *3 (D. Kan. July 22, 2016). (unpub.).[1] This is because "the Constitution is a charter of negative liberties;

---

[1] A copy of this unpublished Memorandum and Order is attached as Exhibit 1.

4

it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary as maintaining law and order." *Was v. Young*, 796 F. Supp. 1041, 1045 (E. D. Mich. 1992) (citing *DeShaney v. Winnebago*, 489 U.S. 189, 195-197 (1989)).

The law is clear that there is no "constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime". *Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D.Md.1990). Such "discretionary public duties... are enforced by public opinion, policy, and the ballot," not litigation against individual officers and their civic employers. *Id. See also Sattler v. Johnson,* 857 F.2d 224, 226 (4th Cir.1988) (individual did not have a constitutional right under the equal protection clause to be presented with information to enable a civil suit or to have a crime prosecuted); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md.1997) ("[N]o federal appellate court, including the Supreme Court... has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). This doctrine is the logical consequence of the Supreme Court's ruling in *DeShaney*, 489 U.S. at 195, holding that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."

5

Additionally, Plaintiff has also failed to state a plausible claim for an underlying violation of his Fourteenth Amendment substantive and procedural due process rights by Defendant Schulte. (Doc. 1, Count I, pp. 21-24). To state either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived the plaintiff of a constitutionally protected life, liberty, or property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). Here, however, Plaintiff has failed to plausibly allege that Defendant Schulte's statement that he suffered from PTSD and mental health issues deprived plaintiff of a constitutionally protected life, liberty, or property interest. Plaintiff alleges that the statement deterred him from reporting subsequent crimes, and that the statement was used by Defendant ANI to deny his homeowner's insurance claim, which in turn resulted in foreclosure on his home and loss of the property. However, as discussed above, Plaintiff has no constitutionally protected liberty or property interest in filing police reports, nor does he have a constitutionally protected liberty or property interest in the mere unilateral expectation of approval of his insurance claim by a private party insurer.[2]

"Property" is defined in the context of the Fourteenth Amendment's Due Process Clause as a "legitimate claim of entitlement" to some benefit. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). A "unilateral expectation of, a benefit does not constitute

---

[2] Plaintiff alleges that Defendant ANI "coordinated" with the Defendant City. (Doc. 1, pp. 18-19). However, that claim is not plausible on its face as it based on the mere allegation that LPD Chief James T. Smith sent Plaintiff an "exoneration" letter on the same day Plaintiff was scheduled to have an examination under oath with ANI.

'property.'" *Id*. "[T]he constitutional purpose of Due Process 'is to protect a substantive interest to which ... [a party] has a legitimate claim of entitlement.'" Id. (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Here, Plaintiff has no legitimate constitutional claim of entitlement to either an accurate police report or the approval of his insurance claim.

> "An individual has no constitutional right to an accurate police report. The filing of a false police report alone does not deprive a person of a constitutional right under the Fourteenth Amendment. A falsified police report constitutes a due process violation only when it leads to an unconstitutional deprivation of life, liberty, or property." *Profita v. Puckett*, 2017 WL 1491003, at *13 (D. Colo. April 25, 2017) (internal quotations and citations omitted). *See also Crow v. Village of Ruidoso*, 2017 WL 3393964, at *6 (D. N.M. Aug. 7, 2017), (noting the "great weight of authority establishing that there is no such constitutionally protected property interest."), *report and recommendation adopted*, 2017 WL 4358704. Moreover, any alleged financial harm such as loss of insurance proceeds or premiums is likewise not a constitutionally protected property interest. *See Crow*, 2017 WL 3393967, at *7 ("Plaintiffs do not show that they have a constitutionally protected property interest in insurance payouts or premiums.... Though Plaintiffs bemoan the fact that Sgt. Frost's report impacted their insurance claims, their recourse lies not in a due process claim."). Because they do not (and apparently cannot) allege deprivation of any protectible property interest that resulting from an inadequate investigation or false police report, the Plaintiffs' Section 1983 claim for denial of due process is subject to dismissal. Furthermore, Morgan is entitled to qualified immunity for the same reason.

*Coon v. L.W. Miller Diversified, Inc.*, No. CIV-20-01-SPS, 2020 WL 3868393, at *3 (E.D. Okla. July 9, 2020) (unpub).[3]

Moreover, with regard to Plaintiff's procedural due process claim, an intentional deprivation of property by a governmental employee "does not constitute a violation of the

---

[3] A copy of this unpublished Opinion and Order is attached as Exhibit 2.

7

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation [*sic*] remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, in addition to the fact that he has filed to identify deprivation of any constitutionally protected liberty or property interest, Plaintiff also does not have an actionable underlying procedural due process claim for Defendant Schulte's alleged false statement because Oklahoma has an adequate post-deprivation remedy in the form of a state law tort claim for defamation. *See* Okla. Stat. tit. 76, § 7; *Yates v. Gannett Co.*, 523 P.3d 69, 76 (Okla. Civ. App. 2022).

Consequently, because Plaintiff has failed to allege an underlying constitutional violation which is plausible on its face, he has also failed to alleged a plausible § 1983 municipal liability claim in Count II of the Complaint, and such claim against the Defendant City should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

Regardless, even if Plaintiff had stated a plausible claim for an underlying violation of is constitutional, he has still nevertheless failed to state a plausible claim for § 1983 municipal liability against the Defendant City. The Defendant City cannot be held liable under § 1983 based upon the doctrine of *respondeat superior* or vicarious liability. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). In *Monell*, the Supreme Court held that a governmental entity is only liable under § 1983 when the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. *Id*. at 694. The actions of the governmental entity must be the moving force behind the constitutional violation. *Id*. The Supreme Court has held that governmental

liability for a constitutional violation "attaches where - and only where - the entity makes a deliberate choice to follow a course of action from among various alternatives." *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986).

The Defendant City may not be held liable simply because it "employs a tortfeasor." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). Additionally, "[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation." *Id.* at 406-07. Rather, *Monell* requires Plaintiffs to establish that a policy or custom of the Defendant City exists and that it caused the alleged constitutional violation. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1985); *see also Hinton*, *supra*. (plaintiff must show that there is a direct causal link between the policy or custom and the injury alleged).

It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. *Brown*, 520 U.S. at 408. The plaintiff must also demonstrate that, through its *deliberate conduct*, the municipality was the "*moving force*" behind the injury alleged. *Id*. (emphasis added). Furthermore, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id*. at 405.

> Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal custom so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.

9

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) (citations and internal quotation marks omitted).

In order for a municipality to be held liable for an unofficial practice under § 1983, the practice must be "so permanent and well settled as to constitute a custom or usage with the force of law...In order to establish a custom, the actions must be persistent and widespread ... practices of [city] officials." *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (internal citations and quotation marks omitted). In determining what level of persistent and widespread conduct will be sufficient to establish municipal liability, it is clear that "normally random acts" and "isolated incidents" are not sufficient to establish a municipal custom. *Murphy v. Bitsoih*, 320 F. Supp. 2d 1174, 1196 (D.N.M. 2004) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988)). A "meager history of isolated incidents" is insufficient to establish municipal custom; rather "numerous particular instances of unconstitutional conduct" is required. *Jones v. Hacker*, No. 13-CV-444-JHP, 2015 WL 1279357, at *11 (E.D. Okla. Mar. 20, 2015) (unpub)[4] (citations and internal quotation marks omitted).

Here, the Complaint alleges in conclusory fashion that "[t]he City maintained a custom and practice of recharacterizing [*sic*] felony crimes against Plaintiff as non-criminal matters and of obstructing his ability to create a criminal record." (Doc. 1, ¶ 70). However, as discussed above, neither of those alleged customs and practices amount to an actual constitutional violation. Furthermore, Plaintiff cannot rely on his own allegations of

---

[4]A copy of this unpublished Order and Opinion is attached as Exhibit 3.

10

violation(s) of his own constitutional rights as the basis for the § 1983 municipal liability theory of widespread practice or custom. For a practice or custom to be widespread, Plaintiff must allege other similar incidents occurring prior to the alleged violations(s) of his own constitutional rights. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1290 (10th Cir. 2019) (rejecting argument that deputy's unprovoked attack on detainee in front of judge was sufficient to infer existence of municipal custom or practice, where plaintiff alleged only one similar incident of excessive force prior to his own injuries). Indeed, the alleged violations(s) of Plaintiff's constitutional rights cannot be the logically be the "moving force" behind those same violations.

Consequently, Plaintiff has failed to state a plausible claim for § 1983 liability against the Defendant City based on the theory of widespread practice or custom, and such claims against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff further alleges that the Defendant City "ratified the [alleged] unconstitutional conduct" based on LPD Chief James T. Smith's alleged February 27, 2025 "exoneration" letter. (Doc.  1, ¶ 26). However, acts of ratification must be done officials with final policymaking authority, *Bryson v. City* of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010), and the Complaint is devoid of any specific, non-conclusory allegation of fact indicating that Smith had final policymaking authority regard the operation of the Lawton Police Department. To the contrary, the Complaint alleges that City Manager John Ratliff "holds final policymaking authority over the administration of the Lawton Police

Department…" (Doc. 1, ¶ 75).[5] However, neither Smith nor Ratliff had final policymaking authority regarding the operation of the Lawton Police Department as a matter of law. In that regard, the Court can take judicial notice that the City of Lawton utilizes the Council/Manager form of local government.[6] Thus, under Oklahoma law, final policymaking authority for the operation of police department rests with the Lawton City Council. *See* Okla. Stat. tit. 11, §§ 10-101, *et seq*.

Moreover, the alleged actions of Smith in sending the alleged "exoneration" letter and the alleged action/inaction of Ratliff in later declining "to disavow or correct it" (Doc. 1, ¶ 75) could not have ratified the alleged prior "unconstitutional conduct" as a matter of both logic and law. Under the § 1983 theory of ratification in the Tenth Circuit, the alleged ratifying act(s) must necessarily be taken prior to the alleged constitutional violation in order for it to be the cause of or the "moving force" behind that violation. In that regard, the Tenth Circuit has unequivocally stated that "ratification must be the moving force, or cause, of the alleged constitutional violation." *Dempsey v. City of Baldwin*, 143 F. App'x 976, 986 (10th Cir. 2005) (unpub).[7] Indeed, in *Bryson v. City of Oklahoma City*, 627 F.3d 784, 790 (10th Cir. 2010), the Tenth Circuit held that the plaintiff's ratification theory was not viable where the defendant city "was not even aware of [the employee's] unconstitutional actions with respect to [p]laintiff" and "no [city] decision makers learned of any defects" in plaintiff's case until defects "came to light" in post-conduct

---

[5] This is a legal conclusion, not an allegation of fact, and is not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678-79.

[6] https://www.lawtonok.gov/departments/city-manager

[7] A copy of this unpublished Order and Judgment is attached hereto as Exhibit 4.

investigation. Likewise, in *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009), the Tenth Circuit held that evidence of a policymaker's post-incident conduct is insufficient to establish a constitutional violation on the part of the governmental entity because it does not have a causal connection to the prior violation. In so holding, the court stated "basic principals [*sic*] of linear time prevent us from seeing how conduct that occurs *after* the alleged violation could have somehow caused that violation." *Id*. (emphasis in original); *see also*, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286-1290 (10th Cir. 2019) (holding that post-incident policy-maker conduct has no casual connection to a prior injury); *Lynch v. Bd. of Cnty. Commissioners of Muskogee Cnty., Oklahoma*, 786 F. App'x 774, 787 (10th Cir. 2019) (unpub)[8] ("Failing to adequately investigate or punish does not count as ratification.")

Consequently, Plaintiff has failed to state a plausible claim for § 1983 liability against the Defendant City based on the theory of ratification in Count II of the Complaint, and such claims against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

### B. Count IV – Access to Courts Claim

In Count IV of the Complaint, Plaintiff asserts a 42 U.S.C. § 1983 municipal liability claim against the Defendant City for denial of his constitutional right of access to the courts based upon the alleged rejection of Plaintiff's online crime reports by the City's Coplogic system and the City's agents' alleged failure to generate a proper police report for 217

---

[8] A copy of this unpublished Order and Judgment is attached hereto as Exhibit 5.

days. (Doc. 1, pp. 30-31). However, Plaintiff has not alleged any facts which would support a court-access claim against the Defendant City.

The Supreme Court has divided court access claims into two categories: "forward looking claims" and "backwards looking claims." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208 (10th Cir.2004) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). Forward looking claims involve allegations that "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher*, 536 U.S. at 413. Backward looking claims arise when plaintiffs allege that a specific claim "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Christopher*, 536 U.S. at 413-14. "In this way, the official action is said to have 'rendered hollow [the plaintiff's] right to seek redress' in the courts." *Jennings*, *supra*. (quoting *Christopher*, 536 U.S. at 414). In asserting a backward-looking access claim, the "complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher*, 536 U.S. at 414. "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 415. However, neither the Supreme Court nor the Tenth Circuit have ever explicitly endorsed the validity of backward-looking court-access claims. *Burke v. City of Oklahoma City*, No. 24-6149, 2025 WL 1444410, at *11 (10th Cir. May 20, 2025) (unpub)[9] (citing *Lynch v. Barrett*, 703 F.3d 1153,1161–62 (10th Cir. 2013)).

---

[9] A copy of this unpublished Order and Judgment is attached hereto as Exhibit 6.

Here, even assuming the validity of backward-looking court-access claims, Plaintiff has failed to allege any facts to support either a forward-looking or backward-looking court-access claim against the Defendant City. In that regard, the Complaint is devoid of any specific, non-conclusory allegation of fact indicating that the alleged conduct has either frustrated his ability to prepare or file a meritorious suit at the present time, or that he has lost a meritorious claim which cannot now be tried as a result of the alleged conduct. Moreover, Plaintiff has further failed to assert a facially plausible § 1983 municipal liability because the Complaint is devoid of any allegation of fact indicating that any official with final policymaking authority for the Defendant City personally in the alleged conduct underlying his court-access claim, or that the alleged deprivation was caused by any policy, practice, or custom of the Defendant City. Additionally, for the reasons discussed above, Plaintiff has failed to state a plausible § 1983 claim for municipal liability with regard to Count IV of the Complaint based on the theory of ratification.

Consequently, Plaintiff has failed to state a facially plausible § 1983 court-access claim against the Defendant City, and such claim against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

## II.    The Defendant City Requests Attorney Fees

While Plaintiff is proceeding *pro se*, he has cost the Defendant City unnecessary time and expense in responding to these claims which are baseless and have no merit. The Defendant City therefore requests that the Court award it reasonable attorney fees in bringing this motion.

15

## CONCLUSION

WHEREFORE, premises considered, Defendant City of Lawton respectfully requests the Court to grant this Motion and to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted, and to award it reasonable attorney fees in bringing this motion.

Respectfully submitted,

s/ W.R. Moon , Jr.
W.R. Moon Jr., OBA No. 32079
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone:    (405) 524-2070
Facsimile:    (405) 524-2078
E-mail:        wrm@czwlaw.com
              jcw@czwlaw.com

***ATTORNEYS FOR DEFENDANT***
***CITY OF LAWTON***

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing, and that I served the attached document by U.S. Priority Mail, postage prepaid, to the following who is not a registered participant of the ECF System:

Aaron K. Shugard
1715 140th Street
Lubbock, TX 79423
gemlogic@unitedelevation.com
***Pro Se Plaintiff***

s/ W.R. Moon Jr.
W.R. Moon Jr.

16

## <u>LIST OF EXHIBITS</u>

Exhibit 1 -   *Shophar v. Bureau of Alcohol*

Exhibit 2 -   *Coon v. L.W. Miller Diversified, Inc.*

Exhibit 3 -   *Jones v. Hacker*

Exhibit 4 -   *Dempsey v. City of Baldwin*

Exhibit 5 -   *Lynch v. Bd. of Cnty. Commissioners of Muskogee Cnty., Oklahoma*

Exhibit 6-   *Burke v. City of Oklahoma City*