Case 5:26-cv-01302-SLP    Document 8-2    Filed 07/22/26    Page 1 of 7

Coon v. L.W. Miller Diversified, Inc., Not Reported in Fed. Supp. (2020)

2020 WL 3868393
Only the Westlaw citation is currently available.
United States District Court, E.D. Oklahoma.

Wallace COON, Sr., and Lakota Joshua, Plaintiffs,

v.

L.W. MILLER DIVERSIFIED, INC., Charles William Dandosis And
Clinton Morgan, Individually and in his Official Capacity, Defendants.

Case No. CIV-20-01-SPS
|
Signed 07/09/2020

**Attorneys and Law Firms**

Wallace Coon, Sr., Wewoka, OK, pro se.

Lakota Joshua, Wewoka, OK, pro se.

Derrick T. DeWitt, DeWitt Paruolo & Meek, Oklahoma City, OK, Myriah S. Downs, DeWitt Paruolo & Meek, Edmond, OK, Jessica L. Foutch, Thomas A. LeBlanc, Best & Sharp, PC, Tulsa, OK, for Defendants.

**OPINION AND ORDER**

Steven P. Shreder, United States Magistrate Judge

**\*1** The Plaintiffs Wallace Coon, Sr. and Lakota Joshua, appearing *pro se*, instituted this action against the Defendant Clinton Morgan individually and in his official capacity as a police officer of the City Okmulgee, Oklahoma pursuant to ⚑42 U.S.C. § 1983, and against the Defendants L.W. Miller Diversified, Inc. and Charles William Dandosis, for negligence pursuant to Oklahoma law. Morgan moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) contending, *inter alia*, that the complaint filed by the Plaintiffs failed to state a claim upon which relief could be granted and he was entitled to qualified immunity on such claims. Upon completion of the briefing of Morgan's motion, and three days after the deadline for filing amendments, the Plaintiffs sought leave to amend their complaint and to add as a Defendant the City of Okmulgee. For the following reasons, the Defendant Clinton Morgan's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 19] is hereby GRANTED, and the Plaintiffs' Motion for Amendments to the Pleadings and Supplements [Docket No. 24] and Motion for Joinder of Additional Parties [Docket No. 25] are hereby DENIED.

**BACKGROUND**

The Plaintiffs allege they were traveling through Okmulgee, Oklahoma on January 3, 2018 when the Defendant Dandosis rear-ended them in a semi-trailer rig owned by L.W. Miller Diversified. They attempted to follow the semi but were advised to stop doing so after they called 911. Morgan was dispatched to the call and, according to the Plaintiffs, was "aggressive and hostile," failed to verify that their rear brake lights were working after the accident, and ultimately prepared an accident report falsely stating that the truck driver did nothing wrong. The Plaintiffs, who identify themselves as "Native American Indians," claim that Morgan did this to "cause harm to the Indians." *See* Docket No. 2, pp. 7-8.

EXHIBIT 2

Case 5:26-cv-01302-SLP    Document 8-2    Filed 07/22/26    Page 2 of 7

The Complaint sets out the following claims: (i) negligence as to Dandosis and his employer L.W. Miller, and (ii) federal due process and equal protection claims as Morgan pursuant to 42 U.S.C. § 1983. Morgan sought judgment on the pleadings, asserting that the Complaint fails to state a claim against him. *See* Docket No. 19. The Plaintiffs did not immediately respond to this motion, so the Court ordered them to show cause why it should not be granted. *See* Docket No. 20. The Plaintiffs filed their Plaintiffs Wallace Coon, Sr. and Lakota Joshua's Answer to Defendant Clinton Morgan's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 21] on April 8, 2020, two days past the show cause deadline, although that response was mailed before the deadline. *See* Docket No. 21, Ex. 1. Then on April 27, 2020, three days after the deadline for amending pleadings, *see* Docket No. 18, the Court received and docketed the Plaintiffs' Motion for Amendments to the Pleadings and Supplements [Docket No. 24] and Motion for Joinder of Additional Parties [Docket No. 25]. The purpose of these motions would appear to be the addition of claims against Morgan for fraud and violation of criminal laws, and the addition as party defendant the City of Okmulgee "as respondeat superior, to be joined as a necessary party Defendant." Docket No. 25, p. 1. Morgan objects to the proposed amendments.

## ANALYSIS

**\*2** Although Morgan's motion is for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("After the pleadings are closed —but early enough not to delay trial—a party may move for judgment on the pleadings."), it is essentially a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as it is governed by the same standards. *See, e. g., Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 555 (2007). *See generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

The Plaintiffs' requests to amend and add parties are governed by Fed. R. Civ. P. 15(a), which provides in pertinent that "[a] party may amend its pleading once as a matter of course within [ ] 21 days after serving it, or [ ] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier ... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

While the Plaintiffs must "follow the same rules of procedure that govern other litigants[,]" they are entitled to liberal construction of their pleadings because they are proceeding *pro se. Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (*quoting Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) [quotation marks omitted]). *See also*

*Hendrix v. Employer's Reinsurance Corp.*, 26 Fed. Appx. 873, 874 (10th Cir. 2002) ("Pro se litigants must follow the rules of procedure, including local rules.") (*citing* 🚩 *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). This is particularly true in light of the admonition in Rule 15(a)(2) to grant leave to amend freely. *See, e.g., Panicker v. State Dept. of Agriculture*, 498 Fed. Appx. 755, 757 (10th Cir. 2012) (freely granting leave to amend is especially applicable "when the plaintiff is proceeding pro se."). Morgan cites a number of reasons why the Plaintiffs' requested amendments should be denied for noncompliance with Rule 15, EDOK L.Cv.R. 7.1 and the deadlines set forth in the scheduling order herein, but the Court elects instead to address the Plaintiffs' proposed amendments on their merits, *i. e.*, they will be permitted unless, like the original Complaint, they would be subject to dismissal and therefore futile. *See, e. g.,* 🚩 *Jefferson County School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile ... A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The Court will thus consider Morgan's motion for judgment on the pleadings in light of the original Complaint as well as the amendments proposed by the Plaintiffs.

**\*3** The Court first considers the Plaintiffs' federal claims. There would appear to be three asserted against Morgan and the City of Okmulgee: (i) a claim under 🚩 Section 1983 for denial of due process; (ii) claim under 🚩 Section 1983 for denial of equal protection; and, (iii) a claim for violation of unspecified federal criminal statutes. The last claim is the one most easily disposed of, as "the criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed. Appx. 414, 415 (10th Cir. 2003). The 🚩 Section 1983 claims, however, require closer analysis. "To state a claim under 🚩 § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." 🚩 *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing* 🚩 *Parratt v. Taylor*, 451 U. S. 527, (1981) (*overruled in part on other grounds,* 🚩 *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)); 🚩 *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Morgan contends, *inter alia*, that the Plaintiffs have failed to allege even a violation of any federal constitutional rights, and that he is therefore entitled to dismissal of those claims against him. [1] The Court will address the two 🚩 Section 1983 claims separately.

Due Process. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Due process rights can be either procedural or substantive: "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." 🚩 *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). Although it is not completely clear, it would appear that the Plaintiffs are alleging a procedural due process denial of a property interest because they allege "their due process rights to receive [a] fair hearing" were violated. *See* Docket No. 2, p. 7. But "to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest." 🚩 *Hyde Park*, 226 F.3d at 1210 & n. 2. "The Supreme Court defines 'property' in the context of the Fourteenth Amendment's Due Process Clause as a 'legitimate claim of entitlement' to some benefit." 🚩 *Hyde Park*, 226 F.3d at 1210 (*quoting* 🚩 *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). [2] "An individual has no constitutional right to an accurate police report. The filing of a false police report alone does not deprive a person of a constitutional right under the Fourteenth Amendment. A falsified police report constitutes a due process violation only when it leads to an unconstitutional deprivation of life, liberty, or property." *Profita v. Puckett*, 2017 WL 1491003, at \*13 (D. Colo. April 25, 2017) (internal quotations and citations omitted). *See also Crow v. Village of Ruidoso*, 2017 WL 3393964, at \*6 (D. N.M. Aug. 7, 2017), (noting the "great weight of authority establishing that there is no such constitutionally protected property interest."), *report and recommendation adopted*, 2017 WL 4358704. Moreover, any alleged financial harm such as loss of insurance proceeds or premiums is likewise not a constitutionally protected property interest. *See Crow*, 2017 WL 3393967, at \*7 ("Plaintiffs do not show that they have a constitutionally protected property interest in insurance payouts or premiums.... Though Plaintiffs bemoan

Case 5:26-cv-01302-SLP    Document 8-2    Filed 07/22/26    Page 4 of 7

Coon v. L.W. Miller Diversified, Inc., Not Reported in Fed. Supp. (2020)

the fact that Sgt. Frost's report impacted their insurance claims, their recourse lies not in a due process claim."). Because they do not (and apparently cannot) allege deprivation of any protectible property interest that resulting from an inadequate investigation or false police report, the Plaintiffs' Section 1983 claim for denial of due process is subject to dismissal. Furthermore, Morgan is entitled to qualified immunity for the same reason.

**\*4** Equal Protection. The Equal Protection Clause of the Fourteenth Amendment guarantees that "No state shall [ ] deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "Generally, to state a claim under § 1983 for violation of the equal-protection clause, the plaintiff must show that he or she is a member of a class of individuals that is being treated differently from similarly situated individuals that are not in that class." *Schaefer v. Las Cruces Pub. Sch. Dist.*, 716 F. Supp. 2d 1052, 1066 (D. N.M. 2010). *See also* *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("[P]laintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."). As Morgan correctly notes, the Plaintiffs have made no allegations that they were treated differently from others similarly situated, only that he was hostile to the Plaintiffs due to their race. This is insufficient. *See* *Brown v. Montoya*, 662 F.3d 1152, 1172-1173 (10th Cir. 2011) ("A claim that a state actor discriminated on the basis of a suspect (e.g., race), quasi-suspect (e.g., gender), or a non-suspect classification calls for strict, intermediate, or rational basis scrutiny, respectively. But in each instance, 'to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.' ") (quoting *Barney*, 143 F.3d at 1312) (citing *Price–Cornelison v. Brooks*, 524 F.3d 1103, 1109–1110 (10th Cir. 2008)). *See also* *Salcedo v. City of Santa Fe*, 2017 WL 5593512, at \*5 (D. N.M. Nov. 17, 2017) ("Plaintiff's failure to plausibly allege disparate treatment is fatal to her equal protection claim against the individual officers."). Because they have failed to allege the required disparate treatment, the Plaintiffs' Section 1983 claim for denial of equal protection is subject to dismissal, and Morgan is likewise entitled to qualified immunity.

Municipal Claims. The Plaintiffs sued Morgan in his official capacity as well as his individual capacity. An official-capacity suit under Section 1983 is "another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). *See also* *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) ("Under *Monell* [*v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978)], a local governmental unit such as a municipality or a county, like Tulsa County, 'is a 'person' subject to § 1983 liability,' and a 'suit against Sheriff [Glanz] in his official capacity as sheriff is the equivalent of a suit against [Tulsa] County.' ") (quoting *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) and *Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999)). The Plaintiffs have thus attempted to assert claims against the City of Okmulgee through Morgan and have further sought leave to add the City of Okmulgee as a named party. The Court must therefore consider whether any federal claims against the City would survive dismissal of the Plaintiffs' Section 1983claims against Morgan in his individual capacity.

As discussed above, the Court has determined that the Plaintiffs failed to allege any deprivation of their federal constitutional rights by Morgan in his individual capacity. Such a determination is fatal to any Section 1983 claim against the City, whether made against Morgan in his official capacity or directly against the City itself. *See* *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.... Our finding that Myer and White's conduct did not violate Hinton's Fourth Amendment rights, therefore, precludes the imposition of any liability against the City of Elwood."). But even if the Court *had found* a sufficient allegation of a constitutional deprivation by Morgan, any Section 1983 claim against the City would nevertheless be subject to dismissal.

Case 5:26-cv-01302-SLP    Document 8-2    Filed 07/22/26    Page 5 of 7

Coon v. L.W. Miller Diversified, Inc., Not Reported in Fed. Supp. (2020)

While the Plaintiffs seek to add the City "as respondeat superior," it is clear that "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown*, 662 F.3d at 1164 (*citing* *Monell*, 436 U.S. at 691 (1978)). Instead, "a municipal entity may be held liable only for an act it officially sanctioned or for the actions of an official with policymaking authority. An official policy can be shown through an official decision or statement or through 'the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.' " *Goss v. Board of County Commissioners of Creek County*, 645 Fed. Appx. 785, 789 (10th Cir. 2016) (*quoting* *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122-123, 127 (1988)). *See also* *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."). Here, the Plaintiffs have neither alleged an official policy or custom, nor that Morgan acted with any policymaking authority. The Court therefore finds that any official-capacity claim as to Morgan is likewise subject to dismissal, and that the Plaintiffs' attempt to join the City of Okmulgee as a party would be futile.

 **\*5**  The Court finally turns to the Plaintiffs' claims arising under Oklahoma law. First, the Complaint sets forth a claim for negligence in the operation of a semi-trailer operated by the Defendants Dandosis and owned by the Defendant L.W. Miller Diversified. Second, the motion to amend appears to set forth a fraud claim against the Defendant Morgan.[3]  Because the Court has determined that the federal claims herein are subject to dismissal, and because there does not appear to be complete diversity between the parties to support jurisdiction under 28 U.S.C. § 1332(a)(1), *i. e.*, the Plaintiffs allege they and Morgan are all residents (and therefore presumably citizens) of the State of Oklahoma, *See, e. g., Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.") (*citing* *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) and *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011)), the question arises whether the Court should exercise its supplemental jurisdiction to entertain such claims. "Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state-law claim for a number of reasons, including if 'the district court has dismissed all claims over which it has original jurisdiction.' " *Bryner v. Lindberg*, 429 Fed. Appx. 736, 737 (10th Cir. 2011) (*citing* 28 U.S.C. § 1367(c)(3)). *See also* *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Indeed, the Tenth Circuit has "repeatedly recognized that this is the preferred practice." *Gaston v. Ploeger*, 297 Fed. Appx. 738, 746 (10th Cir. 2008). The Court determines that it should not, *i. e.*, that its discretion under Section 1367 would be best exercised by declining to retain the case under its supplemental jurisdiction and instead dismissing the Plaintiffs' remaining state law claims without prejudice.

## CONCLUSION

In summary, the Plaintiffs have failed to allege, either in their original Complaint or in amendments proposed thereto, that the Defendant Morgan deprived them of their due process or equal protection rights. Nor have they alleged any other actionable claim arising under federal law. Accordingly, the Defendant Morgan is entitled to qualified immunity, and all federal claim asserted against him must be dismissed. Likewise subject to dismissal are the Plaintiffs' claims against the City of Okmulgee, whether asserted directly or through Morgan in his official capacity, as the Plaintiffs failed to allege an underlying constitutional violation. Morgan's motion for judgment on the pleadings must therefore be granted and the federal claims herein dismissed. Furthermore, because complete diversity between the parties is lacking, the only jurisdictional basis for entertaining any

Coon v. L.W. Miller Diversified, Inc., Not Reported in Fed. Supp. (2020)

Case 5:26-cv-01302-SLP    Document 8-2    Filed 07/22/26    Page 6 of 7

remaining state law claims would be supplemental jurisdiction, which the Court declines to exercise as a matter of discretion. The state law claims asserted herein by the Plaintiffs should therefore be dismissed as well. Finally, because the amendments proposed by the Plaintiffs are subject to dismissal along with the original Complaint, leave to amend should therefore be denied as futile, and the Plaintiffs motions to amend and add a party should therefore be denied.

**\*6** Accordingly, IT IS HEREBY ORDERED that the Defendant Clinton Morgan's Motion for Judgment on the Pleadings and Brief in Support [Docket No. 19] is hereby GRANTED, and the Plaintiffs' Motion for Amendments to the Pleadings and Supplements [Docket No. 24] and Motion for Joinder of Additional Parties [Docket No. 25] are hereby DENIED. Furthermore, because the Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims, the entire action pending here is hereby DISMISSED..

**All Citations**

Not Reported in Fed. Supp., 2020 WL 3868393

---

**Footnotes**

1    Morgan also contends that he is entitled to qualified immunity on any federal claims the Plaintiffs have asserted against him. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting* *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant has asserted qualified immunity, "the plaintiff must [ ] establish "(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct[.]" *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (*quoting* *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009) [quotation marks omitted]). In considering qualified immunity, the Court has "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. Because, as discussed below, the Court concludes that the Plaintiffs have failed to allege any violation of their federal constitutional rights, it is unnecessary to determine whether any such right was clearly established at the time. *See* *Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (" 'The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' ") (*quoting* *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

2    The Plaintiffs do not allege any deprivation of life of liberty, so the Court assumes they are asserting a claim for deprivation of a property interest.

3    Any fraud claim against Morgan seems doubtful at best, inter alia, because the Plaintiffs have not (and presumably cannot) allege any detrimental reliance on their part on any misrepresentations they allege Morgan may have made. *See, e. g.,* *Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration & Prod., Inc.*, 2011 WL 9527717, at \*4 (W.D. Okla. July 14, 2011) ("Plaintiffs have failed to allege that they relied to their detriment on the alleged false and misleading monthly statements sent by DOTEPI, and any facts showing that that was the case."). Even more doubtful would be any "respondeat superior" claim against the City of Okmulgee based upon such allegations, although it is not altogether clear whether the Plaintiffs intended to assert such a claim by their proposed amendments. In any event,

the Court renders no ruling on the merits of such claims as they arise if at all under Oklahoma law and are therefore dismissed without prejudice along with the Plaintiffs' negligence claims against the other defendants.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.