**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AARON K. SHUGARD,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAWTON, OKLAHOMA,<br>LT. STEVEN SCHULTE, in his<br>individual capacity, and<br>AMERICAN NATIONAL<br>INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1302-SLP |

**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT CITY OF LAWTON'S MOTION TO DISMISS**

Defendant City of Lawton, Oklahoma, pursuant to LCvR 7.1(h), submits this Reply to "Plaintiff's Response in Opposition to Defendant City of Lawton's Motion to Dismiss (Doc. 8)" [Doc. 11]. For the reasons set forth in the Defendant's Motion to Dismiss [Doc. 8] Plaintiffs' claims against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

## ARGUMENT AND AUTHORITY

## I. Plaintiff Has Failed to State a Plausible 42 U.S.C. § 1983 Claim Against the Defendant City

### A. Count II – *Monell* Claim

In its Motion, the Defendant City argued that, to the extent that Plaintiff may be claiming that his constitutional rights were violated by the alleged "recharacterizing [sic] felony crimes against Plaintiff as non-criminal matters" and/or the alleged obstruction of "his ability to create a criminal record" (Doc. 1, ¶ 70), he has failed to state an underlying

claim for a violation of his constitutional rights because he simply has no constitutionally protected right to file a police report or to have the police conduct a criminal investigation. (Doc. 8, pp. 9-10). However, in his Response, Plaintiff clarifies that this not the basis for his claim of an underlying constitutional violation, but rather the alleged actions of Defendant Schulte in "fabrication of evidence in an official government record" by falsely stating that Plaintiff suffered from PTSD and mental health issues. (Doc. 11, pp. 6-7). However, as set forth the Defendant City's Motion, Plaintiff has failed to state a plausible claim for an underlying violation of his constitutional rights by Defendant Schulte in that regard.

With regard to his procedural or substantive due process claims, Plaintiff must first establish that Defendant Schulte's actions deprived him of a constitutionally protected life, liberty, or property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). In his Response, Plaintiff again references the denial of his insurance claim, the resulting foreclosure on his home, and his alleged deterrence in reporting subsequent crimes. (Doc. 11, pp. 7-8) However, as set forth in the Defendant City's Motion, Plaintiff does not have a constitutionally protected liberty or property interest in filing police reports, or in the mere unilateral expectation of approval of his insurance claim by a private party insurer. (Doc. 8, pp. 11-12). Plaintiff does not respond to the Defendant City's argument with regard to his substantive due process claim, and the argument should be deemed conceded.

With regard to his procedural due process claim, Plaintiff invokes the "stigma-plus" doctrine. (Doc. 11, pp. 8-9).[1] To state a stigma-plus claim, Plaintiff must plausibly allege 'that (1) the government made a false statement about [the plaintiff] ... that was sufficiently derogatory to injure his reputation, and that (2) [the plaintiff] experienced a governmentally imposed burden that significantly altered his status as a matter of state law." *Al-Turki v. Tomsic*, 926 F.3d 610, 618 (10th Cir. 2019) (citation and internal quotation marks omitted). Furthermore, "plaintiff's alleged reputational damage must be entangled with some other tangible interests such as employment." *Id*. (citation and internal quotation marks omitted). Here, however, Defendant Schulte's alleged statement that Plaintiff suffered from PTSD and mental health issues did not alter his legal status as a matter of state law. It did not and could not alter Plaintiff's legal rights at all. Moreover, Plaintiff also relies on the denial of his insurance claim and the resulting foreclosure on his home as support for this claim. (Doc. 11, pp. 8-9). However, again, Plaintiff has no constitutionally protected liberty or property interests in those matters. Plaintiff does not respond to the Defendant City's argument in that regard, and it should be deemed conceded.

Plaintiff falsely asserts that the Defendant City argues that Oklahoma's defamation remedy forecloses his substantive due process claim under *Hudson v. Palmer*, 468 U.S. 517 (1984), and argues that the Tenth Circuit has rejected this argument for substantive

[1] Plaintiff also references his allegations of joint action with the Defendant ANI. However, those allegations have no apparent relevance to Plaintiff's purported "stigma-plus" claim. Moreover, as set forth in the Defendant City's Motion, Plaintiff's allegations in that regard do not state a plausible claim for join action between these Defendants (Doc. 8, p. 11 n2), and Plaintiff's Response does not demonstrate otherwise.

due process claims premised on deliberate fabrication. (Doc. 11, p. 8). However, the Defendant City made no such argument with regard to Plaintiff's substantive due process claim, but rather with regard to his procedural process claim, which is not affected by the Tenth Circuit's decision in *Bledsoe v. Carreno*, 53 F.4th 589 (10th Cir. 2022). (Doc. 8, pp. 12-13). Plaintiff further argues that the doctrine governs procedural due process claims arising from random and unauthorized deprivations, and that Defendant Schulte's alleged statement was not random or unauthorized because it was reviewed by Internal Affairs, adopted through a "exoneration' letter, and left uncorrected by the City's final policymaker after written notice.[2] However, such alleged failure to correct simply do not establish that Defendant Schulte's alleged statement was not random or unauthorized.

Consequently, because Plaintiff has failed to allege an underlying constitutional violation which is plausible on its face, he has also failed to alleged a plausible § 1983 municipal liability claim in Count II of the Complaint, and such claim against the Defendant City should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

Additionally, as set forth in the Defendant City's Motion, Plaintiff has further failed to allege sufficient facts to state a plausible claim for municipal liability for any such violations under § 1983. In that regard, the Complaint alleges in conclusory fashion that

---

[2] It should be noted that the alleged "exoneration letter" says nothing whatsoever about Defendant Schulte's alleged statement and, thus, cannot plausibly support a claim that the statement was somehow authorized. (Doc. 1-3, pp. 6-7). Moreover, as set forth in the Defendant City's Motion, City Manager John Ratliff is not the City's final policymaker as a matter of state law. (Doc. 8, pp. 16-17).

"[t]he City maintained a custom and practice of recharacterizing [*sic*] felony crimes against Plaintiff as non-criminal matters and of obstructing his ability to create a criminal record." (Doc. 1, ¶ 70). However, neither of those alleged customs and practices amount to an actual constitutional violation, and is unclear how they are alleged to have caused Defendant Schulte to falsely state that Plaintiff suffered from PTSD and mental health issues.

In his Response, Plaintiff simply expands upon his own allegations of violation(s) of his own constitutional rights in attempt to create the appearance of widespread municipal custom. (Doc. 11, pp. 10-12). However, as set forth in the Defendant City's Motion, Plaintiff cannot rely on his own allegations of violation(s) of his own constitutional rights as the basis for the § 1983 municipal liability theory of widespread practice or custom. For a practice or custom to be widespread, Plaintiff must allege other similar incidents occurring prior to the alleged violations(s) of his own constitutional rights. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1290 (10th Cir. 2019) (rejecting argument that deputy's unprovoked attack on detainee in front of judge was sufficient to infer existence of municipal custom or practice, where plaintiff alleged only one similar incident of excessive force prior to his own injuries). Indeed, the alleged violations(s) of Plaintiff's constitutional rights cannot be the logically be the "moving force" behind those same violations. Consequently, Plaintiff has failed to state a plausible claim for § 1983 liability against the Defendant City based on the theory of widespread practice or custom, and such claims against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

With regard to Plaintiff's claim that the Defendant City ratified the alleged unconstitutional conduct, it argued that neither LPD Chief James T. Smith nor City Manager John Ratliff could ratify that conduct because they do not have final policymaking authority for the LDP as a matter of state law. (Doc. 8, pp. 16-17).[3] It further argued that Smith's and Ratcliff's post-incident conduct is not ratification of Defendant Schulte's alleged false statement because it cannot logically be the moving force behind that earlier incident. (Doc. 8, pp. 17-18). In his Response, Plaintiff argues that "the fabricated record is not a closed, one-time act; it remains operative in the City's systems and continues to cause harm, so the final policymaker's knowing refusal alleged failure to correct it after written notice…is ratification of an ongoing deprivation, not post-hoc approval of a completed one." (Doc. 11, p. 13). However, Plaintiff fails to cite to any legal authority holding that mere passive maintenance of a previously posted statement on an internal governmental information system somehow constitutes an ongoing constitutional violation. Indeed, the continuing violation doctrine "is triggered by ***continual unlawful acts***, not by continual ill effects from the original violation." *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (emphasis added, citation and internal quotation marks omitted).[4] Furthermore, Plaintiff's assertion that maintenance of the alleged statement on

---

[3] Again, Smith's alleged "exoneration letter" says nothing whatsoever about Defendant Schulte's alleged statement and, thus, cannot plausibly support a claim for ratification of that alleged action. (Doc. 1-3, pp. 6-7).

[4] Although the continuing violation doctrine is a doctrine governing the application of statutes of limitations, it should be considered here as this is analogous situation.

the Defendant City's systems "continues to cause harm" is an allegation that was not included in the Complaint and, thus, is not appropriate for consideration.[5]

In his Response, citing the Police Chief's and City Manager's alleged reporting duties under the City Charter, Plaintiff further argues:

> If the City Manager and police executive complied with the Charter's reporting mandates, the Counsel itself possessed knowledge of the fabricated-records and burglary-suppression conduct and left it uncorrected. If they withheld that information, they violated the very Charter the City invokes as a shield, and their unreviewed, de facto exercise of final operational authority is itself evidence of the actual delegation the Complaint alleges. Either way, a final policymaker is charged with knowledge of the challenged.

(Doc. 11, p. 10). However, Plaintiff's argument in this regard is patent nonsense. First, it simply presumes the veracity of Plaintiff's legally unsupported continuing violation theory. Furthermore, it merely presumes, without laying any proper predicate, that the City Manager and/or the Police Chief had a duty to report Defendant Schulte's alleged false statement to the City Council. Additionally, Plaintiff's contention that the City Manager and/or the Police Chief were exercising de facto final operational authority if they did not report Defendant Schulte's alleged false statement to the City Council is a complete non sequitur, and is certainly not evidence of any delegation of final policymaking authority in any way.

---

[5] Likewise, Plaintiff's assertion that the Defendant City convened a closed-door session on July 14, 2026 to discuss this action and has since taken no corrective action (Doc. 11, p. 13; p. 14) is also an allegation which was not included in the Complaint and, thus, is not appropriate for consideration.

Consequently, Plaintiff has failed to state a plausible claim for § 1983 liability against the Defendant City based on the theory of ratification in Count II of the Complaint, and such claims against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff argues that the Defendant City is not entitled to qualified immunity. (Doc. 11, pp. 9-10). However, the Defendant City did not move for dismissal on the basis of qualified immunity. Plaintiff's argument in this regard is non-responsive, and should be disregarded.

**B. Count IV – Access to Courts Claim**

In his Response, Plaintiff contends that the Complaint states a backward-looking access to courts claim. (Doc. 11, p. 15). In asserting a backward-looking access to the courts claim, the "complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 414 (2002) "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 415. Here, Plaintiff asserts that "[t]he Complaint identifies both the lost claims and the unavailable remedy: the Plaintiff's civil and restitutionary [*sic*] claims arising from the residential burglaries and the related identity-theft and forgery campaign…" (Doc. 11, p. 16). However, the Complaint contains no such allegations, and does not put the Defendant City on fair notice of the basis for the claim. Rather, it simply states: "This institutional obstruction created an evidentiary void that directly prejudiced Plaintiff's property rights and civil standing." (Doc. 1, ¶ 82).

Furthermore, Plaintiff has failed to allege any facts indicating that he was in fact deprived of his right of access to the courts by any conduct of the Defendant City. Plaintiff asserts that "[b]y presenting an evidentiary void in place of a documented felony record, the City foreclosed prosecution and impaired the underlying claims…" (Doc. 11, p. 16). However, that simply does not follow. Plaintiff does not a require a "documented felony record" in order to pursue a civil suit, and it is quite apparent from Plaintiff's Complaint that he is aware of the identity of the alleged perpetrator[s] and is in possession of all the necessary documentary and video evidence needed to pursue a civil suit against them.

Moreover, Plaintiff has further failed to assert a facially plausible § 1983 municipal liability because the Complaint is devoid of any allegation of fact indicating that any official with final policymaking authority for the Defendant City personally participate in the alleged conduct underlying his court-access claim, or that the alleged deprivation was caused by any policy, practice, or custom of the Defendant City. Additionally, for the reasons discussed above, Plaintiff has failed to state a plausible § 1983 claim for municipal liability with regard to Count IV of the Complaint based on the theory of ratification.

Consequently, Plaintiff has failed to state a facially plausible § 1983 court-access claim against the Defendant City, and such claim against it should be dismissed pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted.

**II. Plaintiff's Request for Leave to Amend Should be Denied**

Plaintiff requests leave to amend to cure any pleading deficiencies in the Complaint. (Doc. 11, pp. 16-17). However, a bare request for leave to amend does not rise to the status of a motion and does not properly place the issue before the Court. *Brooks v. Mentor*

*Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021). "[A] court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Furthermore, LCvR15.1 requires that a party seeking leave to amend under Fed. R. Civ. P. 15(a)(2) must state whether any party objects and must attach the proposed amended pleading as an exhibit to the motion. Plaintiff did not comply with this Rule and, while he has suggested several possible amendments, he has failed to explain how such suggested amendments would cure the specific pleading deficiencies cited by the Defendant City. As such, Plaintiff's request to amend should be denied. *See*, *Carskadon v. Armor Corr. Health Servs., Inc.*, No. CIV-18-1013-G, 2020 WL 2813526, at *9 (W.D. Okla. May 29, 2020) (unpub).[6]

**CONCLUSION**

WHEREFORE, premises considered, Defendant City of Lawton respectfully requests the Court to grant this Motion and to dismiss Plaintiff's claims against it pursuant to Fed. R. Civ. P. (b)(6) for failure to state a claim upon which relief can be granted, and to award it reasonable attorney fees in bringing this motion.

Respectfully submitted,

s/ W.R. Moon , Jr.
W.R. Moon Jr., OBA No. 32079
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: wrm@czwlaw.com

[6] A copy of this unpublished Order is attached as Exhibit 1.

jcw@czwlaw.com

***ATTORNEYS FOR DEFENDANT***
***CITY OF LAWTON***

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing, and that I served the attached document by U.S. Priority Mail, postage prepaid, to the following who is not a registered participant of the ECF System:

Aaron K. Shugard
1715 140th Street
Lubbock, TX 79423
gemlogic@unitedelevation.com
***Pro Se Plaintiff***

Further, the following individuals were transmitted the attached document via electronic mail:

Andrew C. Jayne
JPM Law
401 S. Boston Ave.
Tulsa, OK 74104
ajayne@jpmlawgroup.com
***Attorney for Defendant***
***American National Insurance Company***

s/ W.R. Moon Jr.
W.R. Moon Jr.