## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AARON K. SHUGARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **Case No. CIV-26-1302-SLP** |
| **CITY OF LAWTON, OKLAHOMA;** | ) |
| **LT. STEVEN SCHULTE, in his** | ) |
| **individual** | ) |
| **capacity; and AMERICAN NATIONAL** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANT AMERICAN NATIONAL INSURANCE COMPANY'S
### REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff concedes that American National General Insurance Company ("ANGIC") is named on the policy declaration page as the carrier, and that ANGIC adjusted the claim. He nevertheless asks this Court to hold a separate entity, American National Insurance Company ("ANI") liable as if it was the insurer. There is no legal or factual basis for this claim, and it should be dismissed.

Plaintiff's colorful civil rights claims are no less meritless. Plaintiff's Complaint lacks any plausible basis for ANI to be treated as a state actor, and neither the Fair Housing Act nor the Americans with Disabilities Act purport to regulate the adjustment of insurance claims. What Plaintiff lacks in authority, he tries to make up for with (apparently AI-generated) buzzwords like "reciprocal reliance," "non-propensity reason," and "post-notice reaffirmation." But he fails to identify any law imposing insurance-related duties on a stranger to the insurance contract. Because Shugard has failed to plead any plausible claims, his Complaint should be dismissed with prejudice.

**I.    OKLAHOMA LAW DOES NOT IMPOSE INSURER-LIKE DUTIES ON AMERICAN NATIONAL INSURANCE COMPANY UNDER THESE CIRCUMSTANCES.**

**A. An insurer owes a duty of good faith – and it is undisputed that ANI is not the insurer here.**

Oklahoma ties the duty of good faith to the insurer that issued the policy. As this Court has observed, a plaintiff must establish that "the plaintiff's loss was covered under the insurance policy issued by the insurer." *Stewart v. Health Care Serv. Corp.*, No. CIV-24-189-SLP, 2025 WL 2422056, at *2 (W.D. Okla. Aug. 21, 2025) (quoting *Bailey v. Farmers Ins. Co.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006)). Ironically, Shugard invokes *Badillo*, which explicitly rejects his theories about insurance-related duties: "[a]bsent a contractual or statutory relationship between the plaintiff and defendant in a bad-faith suit, there can be no duty owed and none breached." *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 26 n.8, 121 P.3d 1080, 1093 n.8 (citing *Allstate Ins. Co. v. Amick*, 1984 OK 15, ¶ 14, 680 P.2d 362, 364).

It is undisputed that ANI issued no policy to Shugard. Shugard pleads no contract between himself and ANI, and he identifies no Oklahoma law imposing insurer-like duties on strangers to the insurance contract. Plaintiff has not alleged any basis for bad faith liability against ANI.

As a fallback, Shugard claims ANI "ratified" ANGIC's conduct. But ratification only binds a principal to acts performed by someone claiming to act as its agent. *D.W.L., Inc. v. Goodner-Van Eng'g Co.*, 1962 OK 121, ¶0(2), 373 P.2d 38, 39. Shugard does not (and cannot) claim that ANGIC employees purported to act on behalf of ANI. His own exhibits establish the opposite – each identifies employees working for ANGIC. There is no act purportedly done in ANI's name for ANI to ratify.

2

Shugard must also identify an obligation ANI owed him, and he never does. His theory would make every corporate parent the guarantor of every affiliate or subsidiary's coverage decisions. That is not Oklahoma law. The Complaint should therefore be dismissed.

**B.  Shugard's remaining arguments do not establish any duty owed by ANI.**

The Response's remaining points collapse under scrutiny. Shugard admits that he started harassing ANI executives about ANGIC's claims-handling in late 2025. [Dkt. 12, p. 7]. In his Response, he cites Exhibits G-1 and G-2 to his Complaint, and declares that "*Plaintiff* delivered *his* forensic analysis to" ANI. *Id.* (emphasis added).

Exhibits G-1 and G-2 are emails that purport to be from "Gemlogic Analysis and Strategies," an entity that is (1) not registered with the Oklahoma Secretary of State, and (2) does not have its own email domain. Although Plaintiff now admits the obvious (that Gemlogic is merely his proxy), he tried to pretend that Gemlogic was a 'forensic examiner' back in 2025. More importantly, neither Exhibits G-1 nor G-2 are forensic examinations; they are both *explicitly* demands for money.

Exhibit G-1 is naked blackmail, claiming that a terrible secret will be revealed to the "DOJ, HUD, VA" and "media partners" unless ANI makes an "immediate and substantial good-faith payment" [Dkt. 1-6, p. 2]. Exhibit G-2 (which appears to be AI-generated) threatens that unless ANI pays Shugard, he will publicly accuse ANI of "child exploitation." [Dkt. 1-6, pp. 4-5].[1]

---

[1] These documents are not "extrinsic." Shugard attached them to his Complaint, and they are therefore properly considered under Fed. R. Civ. P. 12 (b)(6). Similarly, ANI's reliance on the policy's declarations page is not "extrinsic," because Shugard's claims arise out of the insurance policy. *E.g., Douglas v. Miller*, 864 F. Supp. 2d 1205, 1212 (W.D. Okla. 2012).

Plaintiff argues that once he sent these demand letters to ANI, and ANI read them, ANI then became obligated to him in tort. Plaintiff fails to cite any authority for the proposition that a *pro se* litigant's demand letters impose tort duties that do not otherwise exist. Counts V through IX fail against ANI as a matter of law, and should be dismissed.

## II.   MERELY READING A POLICE RECORD DOES NOT MAKE ANGIC A STATE ACTOR.

Section 1983 reaches a private party only where the State and the private party "act in concert in effecting a particular deprivation." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995). Joint action demands "a substantial degree of cooperative action." *Id.* at 1454. A plaintiff alleging such cooperation must plead factual content that makes agreement "plausible" rather than merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Shugard's claims fail this test. There is no plausible allegation that ANGIC denied his claim at the behest of law enforcement, nor that ANGIC participated in any law enforcement investigation. The gist of Shugard's allegations is that ANGIC read police reports. A police record is a public document, and there is nothing untoward about an insurer reviewing policy records when evaluating a burglary claim. Shugard has not plausibly alleged that the private and public defendants were working together for the same ends, let alone that they engaged in "conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police." *Gallagher*, 49 F.3d at 1455-56 (quotation omitted). Reliance on a government record does not join the reader to its author. If it did, every insurer that requests a fire marshal's report would be liable under § 1983.

Shugard does not allege that any ANGIC employee communicated with any City of Lawton employee. Shugard alleges no agreement between ANGIC and the City of Lawton. He identifies no benefit ANGIC conferred on the City, and no benefit the City conferred on ANGIC. His own authorities require what he omits. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970), demands a "meeting of the minds" between the private party and the state actor, and both *Adickes* and *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), condition liability on "willful participant[ion] in joint activity with the State or its agents." *Adickes*, 398 U.S. at 152. Shugard pleads no plausible joint understanding and no plausible joint activity.

Instead, Shugard cites a coincidental phone call and the review of a stack of public records. But a detective calling Shugard on the morning of his scheduled EUO does not, standing alone, support an inference of coordination. Two entities conducting separate business with the same person on the same day is coincidence, not agreement. Allegations "merely consistent with" agreement fail where an obvious lawful and plausible explanation sits alongside them. *Twombly*, 550 U.S. at 557. ANGIC's review of police reports is not 'joint action,' because reading a public document is unilateral conduct, rather than "a substantial degree of cooperative action." *Gallagher*, 49 F.3d at 1454. Therefore, Count V fails as a matter of law.

## III. THE FAIR HOUSING ACT GOVERNS ACCESS TO HOUSING, NOT ADJUSTMENT OF AN INSURANCE CLAIM.

Shugard's only FHA claim, under Section 3604(f), does not reach ANGIC's decision to deny a claim under a policy Shugard already held. Section 3604(f)(2) prohibits discrimination "in the provision of services or facilities in connection with" a dwelling. 42 U.S.C. § 3604(f)(2). That language reaches only services connected to

acquiring a dwelling, not services rendered after acquisition or in maintaining housing. *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 298 (7th Cir. 1992) (quoting *Clifton Terrace Assocs. v. United Techs. Corp.*, 929 F.2d 714 (D.C. Cir. 1991)).

Even taken at face value, Shugard's allegations do not constitute a violation of Section 3604(f). He bought the home in 2021. (Compl. ¶ 10.) He obtained the policy at issue, held it on the date of loss, and held it throughout the conduct he now challenges. (Compl. ¶¶ 15, 40.) ANGIC did not refuse to write him a policy, decline to renew that policy, or price coverage for that policy by reference to any protected characteristic. None of the conduct alleged in the Complaint implicates Section 3604(f)(2). Accordingly, Count VI fails as a matter of law.

## IV. SHUGARD PLEADS NO DENIAL OF THE SERVICES OF ANY PLACE OF PUBLIC ACCOMMODATION, AND ADA TITLE III AFFORDS HIM NO REMEDY IN THIS CONTEXT.

The ADA's Title III prohibits discrimination in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

Mr. Shugard pleads no denial of services. He communicated with ANGIC, submitted a proof of loss, received written decisions, and briefly appeared for an examination under oath (before unilaterally terminating it). Shugard was never deprived of service by ANGIC. His grievance does not concern the rendition of goods and services, nor entry into a public building, especially not for disability purposes. Title III does not convert the mere denial of an insurance claim into a civil rights crisis.

There is no allegation that ANGIC denied Shugard's claim *because* he is disabled, and the materials attached to the Complaint both clearly show that an alleged

6

disability played no role in the denial. Ironically, both ANGIC and Shugard agree that he has no disability. Shugard might argue that the denial was pretextual, he has not alleged plausible facts to support that line of attack.

Beyond that, Shugard no longer owns the property at issue and no longer holds the policy. This Court can enjoin nothing, and Title III supplies no other remedy. Accordingly, Count VII fails as a matter of law.

## V.    SHUGARD FAILS TO PLEAD BAD FAITH AGAINST HIS TRUE INSURER, AND MISQUOTES HIS OWN EXHIBITS.

This Court requires a bad-faith plaintiff to plead facts, not conclusions. *Stewart*, 2025 WL 2422056, at *2. The tort of bad faith requires coverage "under the insurance policy issued by the insurer." *Id.* As discussed above, Shugard sued a company that did not insure him. That defect alone forecloses Count VIII.

Even setting aside that dispositive problem, Shugard's tort allegations fail under Rule 12 (b)(6). He tells this Court that ANGIC "conced[ed] the adjuster 'could not determine' whether the damage was vandalism or pre-existing 'because those areas were never inspected.'" (Shugard's Response at 17-18.)

The cited letter, attached to the Complaint as Exhibit D-9, says no such thing. In truth, it says that "[d]ue to the disrepair and condition of the closet/stair area, bathroom, and tub area, it was unable to be determined whether it was vandalism or construction issues." (Dkt 1-5, Exhibit D-9). The adjuster inspected those areas and reported their condition. The next sentences, which Shugard omits, attribute the garage paint to overspray and the carpet staining to hard living. Shugard's Response Brief relies heavily on fabricated quotes. This Court should reject these bad-faith fabrications.

7

This Court has dismissed bad-faith claims that fail to identify relevant policy provisions, impositions that are not included in the policy, or misconstrued policy provisions. *See Stewart*, 2025 WL 2422056, at *2. Count VIII fails for each of these reasons, and should be dismissed.

## VI.   CLAIMS ADJUSTMENT IS NOT "BEYOND THE BOUNDS OF DECENCY."

Oklahoma confines the tort of outrage to conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Breeden v. League Servs. Corp.*, 1978 OK 27, ¶ 15, 575 P.2d 1374, 1377-78.

It is for the Court to determine, as a matter of law, "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* ¶ 12, 575 P.2d at 1376.

The civilized society in which we live requires that when an insurer receives a claim, it must investigate the claim and either pay or deny it in accordance with the insurance contract. Here, Shugard does not really deny that he has merely re-labeled his bad faith allegations. Nor does he explain how pedestrian claims handling is "beyond all possible bounds of decency" or "utterly intolerable in a civilized community." This is not an IIED case. Count IX should be dismissed.

## VII.   AMENDMENT SHOULD BE DENIED, BECAUSE SHUGARD CANNOT CURE THESE DEFECTS.

A court properly denies leave where amendment would prove futile. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). This Court has warned that it "need not grant leave to amend when a party fails"

8

to follow the governing rules of this Court." *Stewart*, 2025 WL 2422056, at *3 (citing *Calderon v. Kan. Dep't of Social and Rehab. Servs.*, 181 F.3d 1180, 186-87 (10th Cir, 1999); *see also* LCvR 15.1.

A request to amend offered only in response to a motion to dismiss, in the alternative and without more, should be denied. *Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 706 (10th Cir. 2014). This Court has found such requests to be "vague" and lacking in "relevant additional factual allegations or governing law that would deem leave to amend proper." *Stewart*, 2025 WL 2422056, at *3.

Shugard's request falls into this trap. He asks this Court to grant leave to amend, but only conditionally, without compliance with LCvR 15.1, and without offering any additional legal or factual allegations to support his request.

In any event, the Complaint's defects run too deep to cure with amendment. No amendment can make ANI responsible for an insurance contract it did not issue. Additional pleading will not change the text of the Fair Housing Act or the Americans with Disabilities Act. These defects are legal, not factual, and no amendment can reach them. Shugard's request to amend his Complaint should therefore be denied.

## CONCLUSION

ANI did not insure Plaintiff's property. It has not acted as a government agent. And there is no plausible allegation that it has trespassed against federal civil rights laws. These incurable legal defects warrant dismissal. ANI respectfully requests that this Court dismiss Counts V through IX with prejudice.

Respectfully Submitted,

**JPM Law** | Jayne Peters McVicker Burke Askew & Parker


/s/Andrew C. Jayne
Andrew C. Jayne, OBA #19493
Jason A. McVicker, OBA #31150
Bryan J. Seaton, OBA #36248
401 S. Boston Ave., Suite 2000
Tulsa, OK 74103
(T)918/938.7944; (F)918/938.7966
Email:  ajayne@jpmlawgroup.com
          jmcvicker@jpmlawgroup.com
          bseaton@jpmlawgroup.com
***ATTORNEYS FOR AMERICAN
NATIONAL INSURANCE
COMPANY***


## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2026, a true and correct copy of the above and foregoing instrument was served upon the following persons in the manner indicated below:

| | |
|---|---|
| X mailed first class, U.S. mail, proper postage prepaid thereon<br>☐ transmitted via facsimile<br>☐ hand-delivered<br>☐ e-mailed<br>☐ mailed certified, return receipt no.<br>_____ | Aaron K. Shugard<br>Warrant Officer One (Retired), U.S. Army<br>1715 140th Street<br>Lubbock, TX 79423<br>580/215.2870<br>gemlogic@unitedelevation.com<br>*PLAINTIFF, PRO SE* |

/s/Andrew C. Jayne

10