**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AARON K. SHUGARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1302-SLP |
| | ) | |
| CITY OF LAWTON, OKLAHOMA; LT. STEVEN SCHULTE, in his individual capacity; and AMERICAN NATIONAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>O R D E R</u>**

Before the Court is Plaintiff's Motion for Extension of Time to Perfect Service on Defendant Lt. Steven Schulte and for Leave to Serve By Alternative Means, with Brief in Support [Doc. No. 13]. Plaintiff requests an additional 60 days to serve Defendant Lt. Steven Schulte (Lt. Schulte). *See* Mot. [Doc. No. 13] at 1. In the alternative, Plaintiff requests leave of Court to serve Lt. Schulte by alternative means. *Id*.

Plaintiff filed his original Complaint [Doc. No. 1] on June 4, 2026, resulting in a service deadline of September 2, 2026. *See* Fed. R. Civ. P. 4(m). The Court must extend the deadline for service when a plaintiff shows good cause. Fed. R. Civ. P. 4(m). In the absence of good cause, the Court has discretion to grant a permissive extension. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff represents in the Motion that he attempted to serve Lt. Schulte via process server on July 1, 2026. *See* Mot. [Doc. No. 13] at 3. The process server retained by Plaintiff was "advised that the

[City of Lawton's] Office of the City Clerk would accept service on behalf of [Lt. Schulte]" and delivered a copy of the Complaint and Summons to the city clerk. *Id*. at 2-3. Plaintiff brings the present Motion as he is concerned the prior service attempt "may not satisfy" Rule 4(e)(2)(C). *See id*. at 2.[1] Based on Plaintiff's representations, the Court finds good cause exists to extend the service deadline for Lt. Schulte.[2]

The Court finds that Plaintiff's request for alternative service is not warranted at this time. Rule 4 of the Federal Rules of Civil Procedure allows a defendant to be served by "following state law for serving a summons in an action brought by courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Oklahoma law provides "[i]f service cannot be made by personal delivery or by mail, a defendant . . . may be served as provided by court order in a manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard and upon filing an affidavit by the plaintiff or plaintiff's attorney that with due diligence service cannot otherwise be made upon the defendant." Okla. Stat. tit. 12 § 2004(c)(6).

Plaintiff has made one attempt to serve Lt. Schulte via process server. Plaintiff has not attempted to serve Defendant via mail pursuant to Oklahoma law. The Court finds

---

[1] Plaintiff's also requests that the Court deem his prior service attempt on Lt. Schulte as sufficient service. *See* Mot. [Doc. No. 13] at 5. Such request is not properly before this Court in the context of a motion brought under Fed. R. Civ. P. 4(e) and 4(m). Therefore, the Court declines to reach such issue.

[2] Alternatively, the Court grants a permissive extension based on Plaintiff's pro se status and the representations made in the Motion.

that Plaintiff has not demonstrated that service of Lt. Schulte cannot be made by process server or by certified mail.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to Perfect Service on Defendant Lt. Steven Schulte and for Leave to Serve By Alternative Means, with Brief in Support [Doc. No. 13] is GRANTED IN PART. The deadline to effect service against Lt. Schulte is extended to November 2, 2026.[3] Failure to timely effect service of process may result in dismissal of this action without prejudice as to the above-named Defendant.

IT IS SO ORDERED this 19th day of August, 2026.



**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that service of the summons and complaint must be accomplished by a person "who is 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c). "Even when service is effected by the use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. U.S.*, 628 F.3d 1207, 1213 (10th Cir. 2010).