IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON K. SHUGARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1302-SLP |
| | ) | |
| CITY OF LAWTON, OKLAHOMA; LT. STEVEN SCHULTE, in his individual capacity; and AMERICAN NATIONAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS BY STEVEN SCHULTE AND BRIEF IN SUPPORT**

COMES NOW Defendant, Steven Schulte ("Schulte"), by and through undersigned counsel, and submits the following Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Schulte submits the following arguments and authorities.

**STATEMENT OF CLAIMS**

Plaintiff's claims against Schulte arise from a single alleged entry in the Lawton Police Department's computer-aided dispatch ("CAD") system. Plaintiff alleges that on June 4, 2024 Schulte manually entered a "Restricted Law/Medical Narrative" stating that Plaintiff had "PTSD and mental health issues." Plaintiff contends the entry was false because a contemporaneous clinical assessment in the CAD system allegedly reflected that Plaintiff had "no physical/medical/mental conditions." (Doc. 1, 59). Plaintiff further alleges that the entry was subsequently communicated to other Lawton Police Department

personnel and that Schulte's interaction with Plaintiff involved a threat of involuntary psychiatric commitment. (Doc. 1, 60).

From these allegations, Plaintiff attempts to construct a Fourteenth Amendment claim for both violation of due process, civil conspiracy, and intentional infliction of emotional distress. As discussed herein, the allegations in Plaintiff's Complaint, even when taken as true, fail to state a plausible claim for relief against Schulte.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570. The Court in *Iqbal* stated that the requirement that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief does not require more detailed factual allegations but demands more than unadorned and "the-defendant unlawfully-harmed-me" accusations. *Iqbal* at 678.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions," or a mere "formulaic recitation of the elements of a cause of action," then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. A complaint must contain enough "facts to state a claim to relief that is plausible on its face," and those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## ARGUMENT AND AUTHORITIES

### I. PLAINTIFF FAILS TO STATE A VALID CLAIM UNDER 42 U.S.C. § 1983

Plaintiff brings claims against Schulte for fabrication of evidence in official government records (Doc. 1, pp. 21-25, Count I), participation in a civil conspiracy with non-parties (Doc. 1, pp. 28-30, Count III), and the intentional infliction of emotional distress

(Doc. 1, p. 36, Count IX). Such claims are asserted pursuant to 42 U.S.C. § 1983 and Oklahoma common law. Section 1983 creates no substantive civil rights, but rather only provides a procedural mechanism for enforcing rights established elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Gallegos v. City and County of Denver*, 984 F. 2d 358, 362 (10th Cir. 1993); *see also Miller v. Hawver*, 474 F. Supp. 441, 442 n.1 (D. Colo. 1979) (§ 1983 is not a general or common law tort claims statute).

To show a constitutional violation by Schulte in his individual capacity under § 1983, Plaintiff "must establish [Schulte] acted under color of state law and caused or contributed to the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991), *overruled on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2179-82 (1996)); *see also Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). For individual liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007) (police officer who was present at scene but who did not assist or direct other officer in removing arrestee from vehicle did not violate Fourth Amendment; he did not "personally participate" in the use of the twist-lock restraint). Accordingly, Plaintiff must demonstrate "a deliberate, intentional act" by [Schulte] to violate constitutional rights." *Jenkins*, 81 F.3d at 994-95.

**A. Fabrication of Evidence in Official Governmental Records**

"[T]o state a fabrication of evidence claim, a plaintiff must allege (1) the defendant knowingly fabricated evidence, (2) the fabricated evidence was used against the plaintiff, (3) the use of the fabricated evidence deprived the plaintiff of liberty, and (4) if the alleged

unlawfulness would render a conviction or sentence invalid, the defendant's conviction or sentence has been invalidated or called into doubt." *Truman v. Orem City*, 1 F. 4th 1227, 1236 (10th Cir. 2021). Plaintiff's Complaint does not plausibly plead those elements.

In his Complaint, Plaintiff alleges Schulte entered the statement "PTSD and mental health issues" into the CAD system. Plaintiff alleges that Schulte made this entry at the same time that a medical provider entered a statement that Plaintiff had "no physical/mental/medical conditions." But as Plaintiff admits, this entry was made contemporaneously with Schulte's entry and Plaintiff has not alleged that Schulte was actually aware of the contemporaneous entry. For that reason, Plaintiff has failed to satisfy the first element of his fabrication of evidence claim.

Plaintiff further alleges that Schulte threatened to have Plaintiff involuntarily committed. But Plaintiff does not allege that the CAD entry or the threat resulted in an arrest, criminal prosecution, conviction, incarceration, involuntary commitment, or other actual restraint on his liberty. Therefore, he has failed to properly plead the second and third elements to support his fabrication of evidence claim.

Because Plaintiff has failed to establish that Schulte knowingly entered a false statement into the CAD system and because Plaintiff has not alleged that he was deprived of his liberty as a result of the allegedly false statement, Plaintiff's claim for fabrication of evidence must fail.

Plaintiff also alleges that Plaintiff violated his due process rights under the stigma-plus doctrine. Because "injury to reputation by itself [is] not a 'liberty' interest protected under the [Due Process Clause," the Supreme Court formulated the "stigma-plus test to

determine whether alleged reputational harm infringes a liberty interest. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). To survive a motion to dismiss on this claim, Plaintiff must adequately allege (1) governmental defamation and (2) a resulting alteration in legal status. *Guttman v. Khalsa*, 669 F.3d 1101, 1125 (10th Cir. 2012) (citing *Brown v. Montoya*, 662 F.3d 1152, 1167 (10th Cir. 2011)). A change in legal status is absolutely required and is often called the "plus" element. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). The plaintiff in *Paul* failed the stigma plus test. The Court said that the plaintiff was complaining only about damage to his reputation and could not "assert denial of any right vouchsafed to him by the State and thereby protected under the Fourteenth Amendment." *Id.* at 712. The Court therefore held that the police officers' "defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause." *Id.*

Plaintiff identifies several purported "plus" injuries: loss of homeowner's insurance, foreclosure, the threat for involuntary commitment, and the impairment of his status as a crime victim and witness. None is adequately alleged to constitute an alteration in Plaintiff's legal status by Schulte. The Complaint does not allege that Plaintiff was actually involuntarily committed. Likewise, the alleged foreclosure and insurance consequences are not alleged to be governmental changes in Plaintiff's legal status caused by Schulte. Indeed, the Complaint identifies a private insurance company as the actor responsible for the insurance claim and related consequences.

Further, Plaintiff has failed to satisfy the publication requirement. To succeed on a liberty interest claim, a plaintiff must also establish that the allegedly false and stigmatizing

statements were voluntarily published by one of the defendants. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 n.13 (1985) ("[F]ailure to allege that the reasons for the dismissal were published dooms this claim."). "Publication," in the context of a liberty interest claim, is accorded its ordinary meaning of "to be made public." *Bishop v. Wood*, 426 U.S. 341, 348 (1976) ("Unpublicized accusations do not infringe constitutional liberty interests because, by definition, they cannot harm 'good name, reputation, honor, or integrity."'). "To prove that statements were published, a plaintiff must prove more than mere sharing with other persons. For instance, internal governmental sharing of information is not publishing." *Coleman v. Utah State Charter School Board*, 2016 WL 7321198, *5 (citing *Asbill v. Housing Authority of the Choctaw Nation of Oklahoma*, 726 F.2d 1499, 1503 (1984)). Here, Plaintiff has alleged that Schulte made a false statement in the City of Lawton's internal CAD system. Plaintiff has not alleged that the entry was made public or shared with any non-governmental entity or individual. This is fatal to Plaintiff's stigma-plus claim.

**B. Civil Conspiracy**

In Count III, Plaintiff asserts conclusory allegations that Schulte participated in a civil conspiracy with non-parties Jessica Carter and Theleka Williams. However, Plaintiff can point to no facts to support this assertion. "Allegations of conspiracy may, indeed, form the basis of a § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*,159 F.3d 504, 533 (10th Cir. 1998) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). "However, a plaintiff must allege **specific** facts showing an agreement and concerted action amongst the defendants." *Id.* (emphasis added).

Plaintiff fails to plead specific facts showing any agreement among or between Schulte and these non-parties. In his Complaint, Plaintiff alleges that Schulte "reached a meeting of the minds" with non-parties Jessica Carter and Theleka Williams to deprive Plaintiff of his constitutional rights. He then identifies two purported overt acts: (1) Carter's alleged transmission of instructions to Williams on May 30, 2024 concerning a "standby" call and (2) Schulte's alleged entry of the mental health notation into the internal CAD system on June 4, 2024. Plaintiff has not alleged that Schulte communicated at any time with either Carter or Williams, gave them any instructions, received any instructions, or otherwise participated in planning the alleged scheme. Nor does he identify any fact from which an agreement between Schulte and the other alleged conspirators can reasonably be inferred. Instead, Plaintiff attempts to infer a conspiracy from the temporal sequence of events in which Carter and Williams exchanged communications on May 30 followed several days later by Schulte's allegedly false CAD entry on June 4. This is nothing more than a conclusory allegation. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.*; *see Twombly*, 550 U.S. at 555 (noting the plaintiff's mere assertion of an unlawful agreement was a "legal conclusion," not entitled to the assumption of truth).

Plaintiff's Complaint alleges that there was a meeting of the minds without pleading the facts necessary to support that conclusion. Rule 8 does not permit a plaintiff to transform separate acts by separate individuals into a constitutional conspiracy simply by labeling them coordinated conduct.

Plaintiff also invokes 18 U.S.C. § 4, the federal misprision of felony statute and 21 O.S. § 173 concerning accessories after the fact to characterize the alleged "unlawful object" of the conspiracy. (Doc. 1, p. 29). Plaintiff expressly acknowledges that he is not asserting those provisions as independent causes of action. *Id.* Labeling Schulte's conduct "misprision" or "accessory after the fact" cannot substitute for Plaintiff's failure to plead facts supporting an actual conspiracy.

## II. SCHULTE IS ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects public officials from individual liability and the burdens of litigation in a § 1983 action unless the official violates a clearly established constitutional right. *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). Once a public official asserts qualified immunity, the burden shifts to the Plaintiff to prove: (a) a constitutional right was violated; and (b) that the alleged violation infringed upon a clearly established right. *Callahan v. Millard County,* 494 F.3d 891 (10th Cir. 1997). A right is clearly established if it has been determined by the Supreme Court or Circuit precedent such that the official would have been on notice that the right exists, and his actions or omissions are a violation of that clearly established constitutional right. *Id.* Concluding that a right has been clearly established is a fact specific inquiry. *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987). Relying on generalizations or the broad history of a constitutional amendment or statute is insufficient for determining that a right is clearly established. *Ashcroft v. al-Kidd,* 131 S. Ct. 2074 (2011). Plaintiff must show the official would have been on notice that his actions were violating a constitutionally or statutorily protected right. *Finn v. New Mexico*, 249 F.3d 1241 (10th Cir. 2001).

Qualified immunity allows public officials to make reasonable decisions to carry out their duties without fear of liability or retributive lawsuits. *Pearson v. Callahan*, 555 U.S. 223 (2009). Through qualified immunity, an official will only be liable for knowingly violating a person's rights, thus allowing the official to perform his job without the threat of liability looming over every decision. *Id.* Qualified immunity balances two important interests: the need to hold public officials accountable for irresponsible exercises of power, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Id.*

Here, as discussed above, Plaintiff has failed to state a plausible § 1983 claim against Schulte. Thus, Plaintiff has failed to establish the first prong of the qualified immunity analysis. Plaintiff also cannot establish the second prong.

In *Zorn v. Linton*, 146 S. Ct. 926 (2026), the Supreme Court reaffirms the demanding level of factual specificity required to defeat qualified immunity: "[t]he relevant precedent must define the right with a 'high degree of specificity,' so that 'every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.'" *Id.* at 930. In *Zorn*, the Supreme Court criticized the Second Circuit for denying qualified immunity based on a general principle. *Zorn*, 146 S. Ct. 926, 931, 224 L. Ed. 2d 400 (2026). In *Zorn*, the Second Circuit concluded that there was clearly established precedent "to establish the general principle 'that the gratuitous use of pain compliance techniques—such as a rear-wristlock—on a protestor who is passively resisting arrest constitutes excessive force.'" *Id.* The Supreme Court held that the Second Circuit "failed to identify a case where an officer taking similar actions in similar circumstances 'was held to have violated' the

Constitution." *Id.* The Supreme Court further held that the principle must possess a "'high degree of specificity' needed to make it 'clear' to officers which actions violate the law." *Id.*, citing *District of Columbia v. Wesby*, 583 U.S. 48, 64, 138 S. Ct. 577 (2018).

Plaintiff argues that "[t]he right not to be deprived of liberty or property as a result of the knowing fabrication of evidence by a government officer was clearly established in the Tenth Circuit by 2004." (Doc. 1, p. 24). But that is a general proposition. The relevant question is whether, on June 4, 2024, every reasonable officer would have understood that entering the alleged mental-health notation into an internal CAD record, under the circumstances alleged here, violated Plaintiff's constitutional rights. Plaintiff has not identified any decision answering that question affirmatively.

Because Plaintiff has not alleged facts sufficient to establish a constitutional violation, nor has he shown that clearly established law would have placed Schulte on notice that his conduct was unconstitutional, Schulte is entitled to qualified immunity and dismissal as a matter of law.

## III. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM IS BARRED BY THE OKLAHOMA GOVERNAL TORT CLAIMS ACT

Plaintiff's state law claims against Schulte are governed by the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. § 151, *et seq*. The GTCA is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity in tort. *Fuller v. Odom*, 741 P.2d 449, 451 (Okla. 1987); *see also* 51 O.S. §§ 152(14) and 153. In the GTCA, 51 O.S. § 152.1(A), the Legislature adopted and reaffirmed sovereign immunity for the State, its political subdivisions, and all employees acting within the scope

of their employment. This immunity is subject to a limited waiver to the extent and the manner specifically provided for by the provisions of the other sections of the GTCA. 51 O.S. § 152.1(B); *see also Salazar v. City of Oklahoma City*, 976 P.2d 1056, 1066 (Okla. 1999). However, the GTCA preserves certain limitations and exemptions from its general waiver of liability. *See Salazar, supra.; see also* Okla. Stat. tit. 51, § 155. In other words, the state and its political subdivisions do not always consent to suit but rather retain their essential sovereign immunity in certain cases.

51 O.S. § 153(C) of the GTCA provides in pertinent part: "In no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant..." *See also* 51 O.S. § 163(C) ("In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant...").

> "Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud...

51 O.S. § 152(12).

Here, Plaintiff specifically alleges that these Schulte was, at all pertinent times, "a supervisory officer of the LPD" and that he was acting under color of state law as an agent of the City of Lawton. (Doc. 1, ¶7). As such, Schulte is immune from suit for Plaintiff's state law claim under the provisions of the GTCA.

Accordingly, Plaintiff has failed to state a plausible state law claim against Schulte in his individual capacities for intentional infliction of emotional distress, and such claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

s/ Sheila G. Jessee

Robert S. Lafferrandre, OBA No. 11897
Sheila G. Jessee, OBA No. 33071
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
Telephone: 405-235-1611
Facsimile: 405-235-2904
rlafferrandre@piercecouch.com
sjessee@piercecouch.com
***Attorneys for Defendant Schulte***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants who have entered an appearance in this matter:

s/ Sheila G. Jessee

Sheila G. Jessee