**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AARON K. SHUGARD,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAWTON, OKLAHOMA; LT. STEVEN SCHULTE, in his individual capacity; and AMERICAN NATIONAL INSURANCE COMPANY,<br><br>Defendants. | ) | Case No. CIV-26-1302-SLP |

**STEVEN SCHULTE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant, Steven Schulte ("Schulte"), by and through undersigned counsel and pursuant to LCvR 7.1(h), and submits the following Reply in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Reply, Schulte submits the following arguments and authorities.

**ARGUMENTS AND AUTHORITIES**

## I. PLAINTIFF HAS FAILED TO STATE A FACIALLY PLAUSIBLE CLAIM UNDER 42 U.S.C. § 1983

### A. Plaintiff Has Failed to Plead Any Underlying Constitutional Violation

Plaintiff Aaron K. Shugard's ("Plaintiff") substantive due process claim under 42 U.S. § 1983 requires him to establish that Schulte's conduct deprived him of a constitutionally protected life, liberty, or property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). Plaintiff's Response merely reiterates his claims that Schulte (1) intentionally fabricated an internal Computer Aided Dispatch (CAD) entry by notating

Plaintiff's mental health issue and re-classifying the call type from "Residential Burglary" to "Civil Matter;" and (2) threatening Plaintiff with involuntary psychiatric commitment. Doc. 1, pp. 21-25, ¶ 58-62. As a result of these two actions, Plaintiff alleges that Schulte initiated a "highly foreseeable," unbroken chain of causal events that resulted in the denial of Plaintiff's insurance claim by his carrier, Defendant American National Insurance ("ANI"), and the resulting foreclosure of his home. Doc. 1, pg. 22, ¶ 60; Doc 20, p. 8, 13-14. Schulte also claims these acts have deterred him from reporting subsequent incidents to law enforcement. *Id.*

However, as set forth in Schulte's Motion, Plaintiff has failed to allege any facts necessary to satisfy a fabrication of evidence claim. He has furnished no evidence that Schulte knowingly entered false information about his mental health into the CAD notation. His only evidence of the CAD notation's falsity is that it contradicts a separate notation by another individual stating he has no mental health issues. Doc. 19, p. 5. However, Plaintiff has admitted that dueling CAD notations were created contemporaneously, and has supplied no evidence that Schulte was even aware of the other CAD notation. *Id.* Moreover, Plaintiff's argument that Schulte's acknowledgement of the CAD notation's "internal" status qualifies as an admission of guilt is conclusory because it is preconditioned on establishing that Schulte knew it was false. Doc. 20, p. 9.

Furthermore, Plaintiff has failed to produce any evidence that Schulte's CAD notations or threat of psychiatric commitment actually resulted in his arrest, prosecution, incarceration, involuntary commitment, or any other form of restraint on his liberty

interests. *Id.* In the absence of additional facts, Plaintiff's fabrication of evidence claim is nothing more than a conclusory allegation.

Additionally, Plaintiff alleges that Schulte's CAD entry notating Plaintiff's mental health issues "stripped Plaintiff of his statutory victims' protections and signaled to [non-party Theleka Williams] that LPD would not intervene, granting them state-sanctioned immunity." (*Id.*, pp. 10-11). This is also a conclusory allegation devoid of any factual basis and appears nowhere within the actual Complaint.

Finally, Plaintiff's claim that the denial of his insurance claim and foreclosure of his house were the natural consequences of Schulte's conduct is also a conclusory allegation. Schulte created the CAD entry to provide vital contextual information that could be used by responding officers to adjust their response and promote their safety and tactical decision-making. CAD entries are not designed to aid private insurance carriers in making coverage determinations. Nor has Plaintiff alleged that private insurance carriers such as ANI had access to the CAD system. There is simply no evidence that Schulte created the CAD notation knowing it would have any bearing on an independent coverage determination of Plaintiff's insurance claim with ANI.

Therefore, Plaintiff has failed to furnish any factual evidence that Schulte's CAD entries were knowingly fabricated or foreseeably caused any deprivation of Plaintiff's constitutionally protected rights. Therefore, Schulte reiterates his request that the Court dismiss Plaintiff's fabrication of evidence claim as a matter of law.

**B. Plaintiff Does Not Satisfy the Required Elements of the "Stigma Plus" Doctrine**

As established in Schulte's Motion, Plaintiff has failed to satisfy a single element of his "stigma-plus" claim. Doc. 19, pp. 5-6. Plaintiff has not pleaded any factual allegations showing Schulte's knowledge of his CAD notation's defamatory nature, publication to anyone outside of public safety agencies utilizing the CAD software, or an alteration to his legal status and resultant deprivations of his protected constitutional rights. The failure to satisfy any of these elements is automatically fatal to a claim under the "stigma plus" doctrine.

Accordingly, Plaintiff has failed to allege any of the required elements of his "stigma plus" claim against Schulte. As a result, Schulte reiterates his request that the Court dismiss this claim as a matter of law.

**II. PLAINTIFF FAILS TO STATE A FACIALLY PLAUSIBLE CLAIM OF CIVIL CONSPIRACY AGAINST SCHULTE**

The Supreme Court of Oklahoma has repeatedly held that allegations of civil conspiracy require pleading facts that plausibly establish an unlawful purpose or independently unlawful means. *Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294, as corrected (Apr. 3, 1998); see also *Cmty. Resourcing Inc. v. Berkshire Hathaway Specialty Ins.*, 2026 OK 53, ¶ 16, 593 P.3d 115, 120. "There can be no civil conspiracy where the act complained of and the means employed are lawful." *Id.*

Plaintiff has failed to satisfy his heightened obligated to produce factual evidence of a civil conspiracy between Schulte and non-parties Jessica Carter and Williams. Plaintiff's entire theory rests upon an unfounded belief that Schulte, Carter, and Williams

had a "meeting of the minds" to deprive him of his civil liberties based upon a series of loosely temporal events involving Schulte, Carter, and Williams on May 30, 2024, and June 4, 2024. Doc. 20, pp. 14-15. Plaintiff has produced no evidence of any communications or steps taken in furtherance of the alleged conspiracy. The lone conversation between Schulte and his alleged co-conspirators was with Williams outside Plaintiff's home on June 4, 2024. *Id.* There is no evidence that this conversation involved discussions of a conspiratorial nature.

Plaintiff has failed to allege any factual evidence plausibly establishing his claim of civil conspiracy against Schulte. There are no legal authorities that allow a claim of civil conspiracy to be pled without at least *some* evidence of an agreement between Schulte, Carter, and Williams. Therefore, Schulte reiterates his request that this claim be dismissed as a matter of law.

## III. PLAINTIFF HAS FAILED TO PERSUASIVELY ARGUE THAT SCHULTE IS NOT ENTITLED TO QUALIFIED IMMUNITY

As a government official, Schulte is entitled to qualified immunity unless Plaintiff can establish that Schulte's conduct violated a "clearly established" constitutional law. *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

Plaintiff's Response relies upon misinterpretations of two federal cases to support his allegation. The first is *Zorn v. Linton*, 607 U.S. 568, 572, 146 S. Ct. 926, 930, 224 L. Ed. 2d 400 (2026), which Plaintiff attempts to distinguish from this case by arguing that Schulte's conduct differed from police officers making field arrests because it did not require a split-second exercise of discretion. Doc. 20, pp. 13-14. But Plaintiff

misunderstands Schulte's argument regarding the applicability of *Zorn*. Schulte does not rely upon *Zorn* for the purpose of comparing that case to the instant matter or authorizing Schulte's conduct. Instead, Schulte relies upon *Zorn* to establish the high degree of specificity that is required in cases where qualified immunity is asserted. Plaintiff's response argues that government officials may not fabricate evidence. But under *Zorn*, this is too broad. The relevant inquiry established by *Zorn* is ***whether there is a controlling authority that would have made it clear with a "high degree of specificity" to Schulte that the particular conduct alleged*** (in this case, Schulte's notation of Plaintiff's mental health conditions in an internal public safety dispatch log) violated a constitutional right.

In *Pierce*, the Tenth Circuit held that officials cannot claim qualified immunity if they ***knowingly*** engage in a fabrication that results in a constitutional deprivation. *Pierce*, 359 F.3d at 1296. In making their ruling, the Tenth Circuit relied upon their ruling in *Robinson v Marufi*, 895 F.2d 649, 656 (10th Cir. 1990), in which police officers were not entitled to qualified immunity after they purposefully withheld or misrepresented material facts about the defendants that ultimately resulted in the defendants' sentencing and incarceration. The Supreme Court held that:

> If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him. They cannot hide behind the officials whom they have defrauded.

*Id*., citing *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir.1988).

Therefore, the failure to establish either a deliberate fabrication or resultant constitutional deprivation is terminal to Plaintiff's argument in opposition to Schulte's

qualified immunity defense under *Pierce*. Plaintiff instead adopts an oversimplified interpretation of the *Pierce* ruling by arguing that *any* fabrication of evidence by a government agent automatically constitutes a Fourteenth Amendment violation, *regardless of whether a constitutional deprivation results therefrom*.

Nevertheless, Plaintiff has failed to identify any controlling authority that would have made it clear to Schulte that entering a mental health notation in a CAD narrative during a police response, without any actual restraint on Plaintiff's liberty, violated the Constitution. Therefore, the Court need not reach the clearly established prong. Therefore, Schulte is entitled to qualified immunity and dismissal from the case as a matter of law.

## IV. PLAINTIFF HAS FAILED TO ESTABLISH THAT WOULD EXCLUDE SCHULTE FROM STATUTORY IMMUNITY UNDER THE GOVERNMENTAL TORT CLAIMS ACT AND IMPROPERLY RELIES UPON EXTRA-RECORD EVIDENCE

### A. Plaintiff Has Failed to Factually Plead That Schulte's Conduct Constituted "Bad Faith"

Plaintiff's state law claim against Schulte for intentional infliction of emotional distress is governed by the Oklahoma Governmental Tort Claims Act (GTCA). Under the GTCA, Schulte is immune from liability because he was, at all times pertinent, acting within the scope of his employment with the Lawton Police Department. Doc. 1, ¶ 7.

Rather than dispute these facts, Plaintiff argues that Schulte is barred from immunity under the GTCA because his conduct constitutes bad faith. Doc. 20, p. 18. However, Plaintiff's Complaint fails to raise a single factual allegation indicating either of these actions were performed by Schulte with malicious or fraudulent intent. He simply declares without factual support that Schulte intentionally fabricated a CAD entry. Doc. 1, ¶ 99. A

declaration of fraudulent or malicious intent without any factual evidence fails to satisfy the plausibility standard established by *Iqbal* and *Twombley*. In the absence of any factual allegations, Plaintiff's claim amounts to nothing more than baseless speculation.

### B. Plaintiff's Response Improperly Asks the Court to Consider Extra-Record Evidence

According to the Tenth Circuit, "A motion to dismiss in federal court based upon Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's federal complaint, and the court examines the face of the complaint as well as (1) documents incorporated by reference [...]." *Haddan v. Coves Master Ass'n, Inc.*, 2025 OK CIV APP 12, ¶ 15, 570 P.3d 602, 608. "A **12(b)(6) motion** must be converted to a **motion** for summary judgment if 'matters outside the pleading are presented to and not excluded by the court' and 'all parties are given reasonable opportunity to present all material made pertinent to such a **motion** by Rule 56.'" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (alterations omitted) (quoting Fed. R. Civ. P. 12(b)).

There are multiple instances in which Plaintiff's cites extra-record facts based upon statements from the Reply briefing filed by Defendant American National Insurance Company's ("ANI")[1] and Defendant The City of Lawton (the "City").[2] These facts are not pled in the Complaint, which is the sole focus of Schulte's Motion. In accordance with the Tenth Circuit's ruling in *GFF Corp.*, the Court must either decline to consider Plaintiff's

---

[1] Plaintiff's Response cites ANI's Reply in which they allege that they relied upon Schulte's CAD notation like an "arson investigator's report" to deny coverage. Doc. 20, p. 9.

[2] Plaintiff's Response alleges that the City's condemns Schulte's alleged CAD notation was both "random" and "unauthorized" Doc. 20, p. 2-3.

arguments to the extent they rely upon this extra-record evidence, or convert Schulte's Motion into a motion for summary judgment.

Notwithstanding Plaintiff's improper reliance on the above-referenced extra-record evidence, there is not a single instance in any of the City's associated briefing in which they condemn Schulte's conduct "random" or "unauthorized." Rather, the City repeatedly asserts that Plaintiff has failed to plausibly allege that Schulte's conduct deprived him of a constitutionally protected life, liberty, or property interest. Doc. 8, p. 11. Therefore, it is unclear how Plaintiff was able to infer the City's purported denouncement of Schulte's conduct from their briefing.

Plaintiff has failed to furnish any plausible factual allegations or persuasively cite supporting authorities to argue against Schulte's claim of qualified immunity. Plaintiff also impermissibly references extra-record evidence that fails to support his claims that should be ignored. Therefore, Schulte reiterates his request that the Court dismiss this claim as a matter of law.

## V. DISCOVERY MAY NOT BE USED TO SEARCH FOR A FACTUAL BASIS THAT IS ABSENT FROM THE PLEADINGS

Plaintiff repeatedly asserts that discovery will eventually yield records that will provide the foundation for his claims against Schulte. Doc. 20, pp. 12, 15-16. However, Fed. R. Civ. P. Rules 8 and 12 do not authorize filing suit against a specific defendant first and searching for supporting facts later. As the Tenth Circuit explained in *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000), discovery may not be used to search for a factual basis that is absent from the pleadings.

Plaintiff's Complaint and Response contain a litany of bald assertions against Schulte that fail to satisfy the standard set by Fed. R. Civ. P. Rules 8 and 12, *Iqbal*, *Twombley*. A complaint cannot survive a Fed. Civ. R. P. 12(b)(6) motion based upon the hope that evidence supporting its claims may later be uncovered.

## VI. CONCLUSION

WHEREFORE, premises considered, Defendant Steven Schulte respectfully requests the Court to grant his Motion and dismiss Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and award him reasonable attorney's fees in bringing his Motion and this Reply.

Respectfully Submitted,

s/ Sheila G. Jessee
Robert S. Lafferrandre, OBA No. 11897
Sheila G. Jessee, OBA No. 33071
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
Telephone: 405-235-1611
Facsimile: 405-235-2904
rlafferrandre@piercecouch.com
sjessee@piercecouch.com
***Attorneys for Defendant Schulte***

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants who have entered an appearance in this matter:

s/ Sheila G. Jessee

Sheila G. Jessee